E. J. LORAN, Appellant, v. CITY OF DES MOINES, Appellee.

**MUNICIPAL CORPORATIONS:** Ordinances—Construction As to Employment of Assistants. The superintendent of a department of municipal government under the so-called commission plan (Ch. 326, Code of 1924) may himself validly employ authorized and necessary employees to carry on the work of his department (1) when an existing ordinance in effect grants such power, and (2) when an existing ordinance makes an appropriation of funds for such department and fixes the number of employees and the separate salaries thereof; and this is true notwithstanding an additional existing ordinance which provides, in effect, that all contracts shall be entered into or approved by the council as a whole, it being held that the latter ordinance is not a limitation on the former. (See Book of Anno., Vol. 1, Sec. 5663, Anno. 13-a1.)

Headnote 1: 28 Cyc. p. 664.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

MARCH 9, 1926.

ACTION to recover the reasonable value of services claimed to have been performed by the plaintiff for the defendant city. The defendant, in addition to a general denial, pleaded that the plaintiff had no legal contract with the defendant city. The plaintiff, by way of reply, pleads an estoppel. The court directed a verdict in behalf of the defendant, and the plaintiff appeals.—*Reversed.*

*Dunshee & Brody,* for appellant.

*Chauncey Weaver,* for appellee.

FAVILLE, J.—In the spring of 1924, appellant applied to the mayor of the city of Des Moines for work as a common

laborer upon the city dump. He informed the mayor that the man who had been employed upon the work had quit, and asked that he be appointed to the place. The mayor directed him to go to work, and he did so. A few days afterward, the mayor and one of the city councilmen came to the place where appellant was at work, and the mayor gave him certain directions with regard to the work he was doing. About the first of May, appellant appeared at the mayor's office in the city hall and inquired about his pay, and the mayor directed him to go to the superintendent of the streets department. He did so, and was informed by the superintendent of the streets department that the mayor had charge of the men working on this particular dump. Later, he had a somewhat similar experience between the offices of the mayor and that of the superintendent of streets, and received no pay, but continued the work until sometime in the month of November, when he quit, and instituted this action.

No question is raised as to the reasonable value of the services performed by appellant.

The city of Des Moines is organized under the commission plan of city government.

Section 6526, Code of 1924, is as follows:

"The mayor shall be president of the council and preside at its meetings, and shall supervise all departments and report to the council for its action all matters requiring attention in either."

Code Section 6564 is as follows:

"The council shall have and possess, and the council and its members shall exercise, all executive, legislative, and judicial powers and duties now had, possessed, and exercised by the mayor, city council, solicitor, assessor, treasurer, auditor, city engineer, and other executive and administrative officers in cities of the first and second class, and in cities under special charter, and shall also possess and exercise all executive, legislative, and judicial powers and duties now had and exercised by the park commissioners, the board of police and fire commissioners, and board of waterworks trustees, in all cities wherein park commissioners, board of police and fire commissioners,

and board of waterworks trustees now exist or may be hereafter created.''

Code Section 6565 is as follows:

''The executive and administrative powers, authority, and duties in such cities shall be distributed into and among five departments, as follows:

''1.   Department of public affairs.

''2.   Department of accounts and finances.

''3.   Department of public safety.

''4.   Department of streets and public improvements.

''5.   Department of parks and public property.''

Code Section 6566 is as follows:

''The mayor shall be superintendent of the department of public affairs and each councilman shall be superintendent of the particular department or combination of departments to which he was elected, as the case may be.''

Code Section 6571 is as follows:

''The council shall determine the powers and duties to be performed by, and assign them to, the appropriate department; shall prescribe the powers and duties of officers and employees; may assign particular officers and employees to one or more of the departments; may require an officer or employee to perform duties in two or more departments; and may make such other rules and regulations as may be necessary or proper for the efficient and economical conduct of the business of the city.''

Ordinance 1152 of the city of Des Moines provides in part as follows:

''Sec. 53.   Semimonthly Pay Rolls.   Pay rolls shall be made out semimonthly by the various departments of the city, showing how much is due each person for services rendered, who, by this ordinance, shall be paid semimonthly ***.''

Ordinance 1533 of said city of Des Moines is in part as follows:

''Sec. 1. * * *   That the executive and administrative powers, authority and duties in the city are distributed into and among the several departments and the powers and duties to be performed are determined and assigned to the appropriate departments and officers, all as hereinafter set forth.

"Sec. 2. * * * The council may, by ordinance or resolution, assign to a superintendent, officer or employee, duties in respect to the business of any other department, office or employment, and such service shall be rendered without additional compensation. * * *

"Sec. 15. * * * The council has and shall exercise all legislative powers, functions and duties conferred upon the city or its officers. It shall make all orders for the doing of work, or the making or construction of any improvement, bridge or building. It shall levy all taxes, apportion and appropriate all funds, and audit and allow all bills, accounts, pay rolls and claims, and order payment thereof. It shall make all assessments for the cost of street improvements, sidewalks, sewers and other work, improvement or repairs which may be specially assessed. It shall make or authorize the making of all contracts, and no contracts shall bind or be obligatory upon the city unless either made by ordinance or resolution adopted by the council, or reduced to writing and approved by the council, or expressly authorized by ordinance or resolution adopted by the council. All contracts or authorizing the making of contracts shall be drawn by the corporation counsel or city solicitor, or approved by such officer, before the same is made or passed. All superintendents of departments and officers are the agents of the council only, and all their acts shall be subject to review and to approval or revocation by the council. Every superintendent or officer shall, from time to time, as required by law or ordinance, or when requested by the council, or whenever he shall deem necessary for the good of the public service, report to the council in writing respecting the business of his department or office or matters connected therewith. * * *

"Sec. 24. * * * Except as otherwise provided by law or ordinance, the superintendent of each department shall appoint or employ such assistants and employees as may be authorized by the council and necessary to the efficient conduct of the service in said department."

The appropriation ordinance of said city for the year 1924 is in part as follows:

"For salaries and miscellaneous expense of the several

divisions of the department of public affairs, the sum of $152,230.05, to be expended as follows: * * *

"Health department for salaries and all other expenses properly chargeable to said department, the sum of $50,990.05, expended as follows: * * *

"Dump men, five, $4,500.00, * * * "

The first question for determination is whether or not, under the statutes and the ordinances of the city, appellant was legally employed by the city. The contention of appellee is that, under the provisions of the ordinances of the said city, the mayor had no authority whatever to enter into any contract of employment with appellant, unless said contract was made by an ordinance or resolution adopted by the council; and that there was no such ordinance or resolution.

Under the ordinances of the city, the executive and administrative power and authority and duties in the city are distributed among the several departments. The mayor is, by statute, superintendent of the department of public affairs, and is charged with the executive and administrative powers devolving upon such department. It appears that one of the duties of such department is to have charge of the city dump grounds.

The ordinances also provide:

"Except as otherwise provided by law or ordinance, the superintendent of each department shall appoint or employ such assistants and employees as may be authorized by the council and necessary to the efficient conduct of the service in said department."

Another provision of the ordinances of the city of Des Moines is that the city council "shall make or authorize the making of all contracts and no contract shall bind or be obligatory upon the city unless either made by ordinance or resolution adopted by the council."

Reading the provisions of all of the ordinances together, we think the general provision with regard to the making of contracts is not a limitation upon the power of the superintendent of a department to "appoint or employ such assistants and employees as may be authorized by the council and necessary to the efficient conduct of the service in said department."

The ordinance in respect to the making of contracts requires that:

"All contracts and all ordinances and resolutions making contracts or authorizing the making of contracts shall be drawn by the corporation counsel or city solicitor, or approved by such officer, before the same is made or passed."

We think it was not the intention or purpose of the council, by this ordinance, when read in connection with other ordinances of the city, to require that a superintendent of a department of the city should have a written contract drawn by the corporation counsel or city solicitor and authorized by ordinance or resolution adopted by the city council before he could hire an employee to perform work which was necessary to the efficient conduct of the service in said department. By Section 24 of Ordinance 1533, the city council expressly directed the superintendent of each department to appoint or employ such assistants and employees as may be authorized by the council and necessary to the efficient conduct of the service in said department, and by the appropriation resolution of the city council for the year 1924, the city council appropriated to the department of public affairs the sum of $152,230.05, and provided how the same should be expended, setting apart $50,990.05 for the health department, and provided, among other things, that of said sum there should be expended for five dump men the aggregrate of $4,500. This was a specific authorization by the council to the superintendent of the department of public affairs to appoint or employ five dump men for the fiscal year, at an aggregate cost not to exceed $4,500.

Reading the ordinances together, as we are bound to do, to determine the intent of the city council, we think it is clear therefrom that the ordinances do not contemplate or require that the mayor, as superintendent of the department of public affairs, could not appoint five dump men as employees of the city who were "necessary to the efficient conduct of the service in said department," without having a contract of employment drawn by the legal officer of the city and duly approved by the council by the adoption of an ordinance or resolution. The council did by resolution specifically authorize the superintendent of the department to appoint employees necessary to the

efficient conduct of the service in said department. It did designate the number of said employees for the specific work on the dump grounds, and fixed the amount of the appropriation available for the payment of said employees. Under such authority, the mayor did appoint appellant as such an employee. Such appointment was directly in line with the authority conferred upon the mayor, as superintendent of the said department, by the ordinances of the city. Such appointment being specifically authorized by the resolution of the council, we do not regard it as coming within the purview of the general ordinance providing that ''contracts'' made by and in behalf of the city must be drawn by the legal department of the city and specifically approved by resolution or ordinance of the city council. The appointment of employees to work on the dump ground was essentially an administrative act, necessary to the performance of the duties devolving upon the superintendent of public affairs. He was specifically authorized by the council to do the thing he did, to wit, to ''appoint'' an employee for the efficient conduct of the service in said department. The council set aside a sum for the payment of such employee.

We think the case clearly falls within the purview of the necessary and proper administration of the affairs of the department which was in charge of the mayor. The council so recognized it, and by proper ordinance clothed the mayor with the administrative duty of appointing employees for carrying out the efficient service of his department, and fixed the number of said employees and their compensation. This is all that the ordinance requires; and the appointment of the employee under these circumstances was not invalid because a separate contract with him was not drawn by the city legal department and adopted by ordinance or resolution, in accordance with the general provisions of the ordinances respecting contracts made by the city.

Appellee places reliance upon the recent decision of this court in *Connolly v. City of Des Moines,* 200 Iowa 97. We are not disposed to depart from the rule announced in said case, that parties dealing with a municipality are bound to know the limitations on the authority of officers and employees of the city, and to deal with them at their peril. In the instant

case, however, we hold that, under the statutes and the ordinances of the city, the mayor, as superintendent of the department of public affairs, had authority from the city council to appoint appellant as one of five dump men, whose services were necessary to the efficient conduct of the service in his department. The *Connolly* case presents an entirely different situation, where an employee of the city hospital was seeking to recover compensation for services performed outside of her usual employment, as overtime, claiming that she was instructed to perform the services by the superintendent of the hospital. We said:

"As to evidence that the superintendent was authorized to so contract, the record is wholly silent."

Not so in the case at bar. The superintendent of public affairs was directly authorized to appoint employees necessary to the efficient conduct of the service in his department, and the number of employees for the particular class to which appellant belonged was designated, and the compensation fixed. No such situation was presented in the *Connolly* case.

We therefore hold that the appointment of appellant by the mayor, as superintendent of the department of public affairs, as an employee of said department, was within the express authority conferred upon the mayor by the ordinances of the city of Des Moines, and that, therefore, the court erred in directing the jury to return a verdict in behalf of appellee upon the ground that the said employment was unauthorized.

The order of the trial court in directing a verdict in behalf of appellee was erroneous, and the judgment appealed from must be, and it is,—*Reversed*.

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.