E. J. LORAN, Appellee, v. CITY OF DES MOINES, Appellant.

MAY 15, 1928.

Reson S. Jones, Eskil Carlson, Chauncey A. Weaver, George W. Vest, and Don G. Allen, for appellant.

F. S. Dunshee and R. L. Parrish, for appellee.

DE GRAFF, J.—The facts of this case are substantially without dispute. The appellee alleged in his petition that he was employed by Mayor Garver of the appellant city, April 19, 1924, to take the place of a laborer by the name of Andrews, previously employed by the city on Illinois Street, north of University Avenue, and that he performed the services by directing the dumping of road material on Illinois Street and the spreading and leveling of the material dumped, with a spade and other tools, so as to make a passable road. He claimed for his services 65 cents per hour, which was the wages paid by appellant during the period covered, for like services. He was also sworn in as a special police officer.

The appellant, in answer to the petition, admitted its corporate capacity, as alleged, but denied all other allegations of the petition. Appellant also averred that, by reason of the terms and provisions of the appropriation ordinance passed by the city council, the mayor was authorized to employ but five dump men, and that the appropriation was made for the pur-

pose of paying that number; that the employment of appellee, if made by the mayor, was in excess of his authority, and therefore not binding upon the city.

This is the second appeal of this case. Some of the questions discussed by counsel find disposition in our prior opinion. *Loran v. City of Des Moines*, 201 Iowa 543.

Appellee was never put on the pay roll, but, when he asked for his pay, was simply told to go to some other member of the council. His testimony is not disputed in the record before us.

The court instructed the jury that, if the plaintiff rendered services at the request of the mayor of the defendant city, and the city received the benefit of such work and labor, then the law presumes that the plaintiff is to be paid therefor, unless the contrary is shown by the evidence. No exception was taken to this instruction. It is, therefore, the law of the case.

Evidence was introduced by appellant city to show that the full quota of five dump men was at all times employed by the city and paid out of the appropriation provided for that purpose. This does not, however, meet the theory upon which the case was submitted to the jury. Appellant complains because the issue of the mayor's authority to employ appellee was not submitted to the jury. Obviously, the court was of the opinion that the want of authority in the first instance was not the vital or controlling question in the case, and that, even though it is admitted that the mayor exceeded his authority at the time of the employment, yet the city cannot be heard to say that it will accept and retain the benefits of appellee's labor and at the same time refuse to pay him therefor. This was the theory upon which the case was tried. No exceptions were taken thereto, and the appellant is in no position to complain at this time because of error, if any, in the instruction and the theory upon which the issues were submitted to the jury. The theory of the court has support in our prior decisions. *Kagy v. Independent Dist. of West Des Moines*, 117 Iowa 694; *Town of Hartley v. Floete Lbr. Co.*, 185 Iowa 861; *City of Des Moines v. Horrabin*, 204 Iowa 683.

The judgment entered is—*Affirmed*.

STEVENS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.