MARY WALLING, Appellant, v. CIVIL SERVICE COMMISSION OF CITY OF DES MOINES et al., Appellees.

No. 41459.

JUNE 24, 1932.

F. T. Van Liew, for appellant.

Chauncey A. Weaver, J. F. Ralls, Buell Lindgren, and C. I. McNutt, for appellees.

KINDIG, J.—Mary Walling, the plaintiff-appellant, on August 24, 1921, was appointed a stenographer in the law division of the department of public affairs in Des Moines. She held that position thereafter until May 1, 1931, when she was discharged under the order of the Des Moines Mayor. No charges were placed against her stating a cause for the dismissal. Consequently, appellant claimed that the dismissal was unlawful and accordingly appealed to the defendant-appellee the Des Moines Civil Service Commission. The commission heard the cause May 2, 1931, and took the same under advisement until May 29th of that year, when it found itself without jurisdiction in the premises and dismissed the appeal. Hence, the appellant obtained a writ of certiorari from the Polk County district court directing the commission to certify its proceedings to that court. Accordingly that was done. Then, on August 15, 1931, the cause was tried in the district court and that tribunal sustained the action of the appellees and quashed the writ of certiorari. From that action by the district court the appellant now appeals.

Many propositions are raised in the briefs and arguments of the respective parties. It is not necessary in this discussion to cover the entire range of those arguments. A complete analysis of the controversy can be made without covering the entire field traveled by the respective parties. As before said, the appellant was first employed by the city in 1921. She at no time took the civil service examination contemplated by Chapter 289 of the 1931 Code, or its predecessors. But appellant claims that she is under that statutory civil service regulation because of Section 5695 of the Code. That section contains the following provisions:

"Persons now holding positions for which they have hereto-

fore been appointed or employed after competitive examination, or who have rendered long and efficient service, shall retain their positions without further examination, but may be removed for cause.''

The appellant contends that she has rendered long and efficient service for the City of Des Moines, and therefore is under the statutory civil service provisions above quoted.

At this juncture, the appellant relies upon Engstrand v. Gilman, 215 N. W. 657 (Iowa). After a petition for rehearing had been granted in that case, a motion to dismiss the appeal was sustained. This case in effect held that a certain sanitary policeman came within the purview of the foregoing statute because of his long and efficient service, and therefore could not be removed without cause. Furthermore, it is said by appellant that the city council of Des Moines, on December 12, 1929, certified her for classification as an employee who had rendered long and efficient service. Four days thereafter, the city council rescinded its action in that regard. To overcome the rescission, appellant argues that, having taken the first action classifying her as one who had rendered long and efficient service, the city could not alter the status thus originally established. When discharging the appellant, the city did not abolish the position which she formerly had held, but rather it appointed another stenographer, not under civil service, to take appellant's place. Therefore, under all the circumstances, the appellant maintains that the civil service commission improperly held that it did not have jurisdiction of the subject-matter. All preliminary steps were taken by appellant to perfect her appeal to the civil service commission. Accordingly appellant believes that the district court was wrong when it affirmed the action of the appellee commission, and quashed the writ of certiorari.

Underlying appellant's theory is a fundamental fallacy. Obviously she misreads the statutes applying to civil service. Section 5695 of the Code, above quoted, is complete within itself. That section excuses the persons therein named from taking the civil service examination. Those persons named in Sections 5695 are not, strictly speaking, under the civil service; for, as before said, those persons named in that section are excepted from the individual who must take the examination. Nevertheless, even though excused from the examination, the persons

named in Section 5695 cannot be removed except "for cause." This section of the statute was passed by the legislature in October, 1924. See Engstrand v. Gilman (215 N. W. 657), supra. Before the passage of that section, the civil service statute, in some form, was full and complete and had been in operation in Iowa since April 1, 1907. See Acts of the Thirty-second General Assembly, Chapter 48, Sec. 14. Since that date, as investigation will disclose, there have been amendments from time to time.

Section 5695, above quoted, eliminated or excused certain persons from taking the examination and becoming subject to the provisions of the civil service law. Examinations under the civil service law shall be made by commissioners appointed by the Mayor, with the approval of the city council. These commissioners, as commanded by Section 5696, shall, at stated times, hold examinations to determine "qualifications of applicants for positions and for promotions." After the examinations thus have been made, Section 5698 of the Code outlines what the commission then shall do. It is said by this section that:

"Such commission shall, as soon as possible after every such examination, certify to the city council the names of ten persons for each class of positions who, according to its records, have the highest standing as a result of such examination for the position they seek to fill, and all vacancies in positions under civil service which shall occur before the holding of the next examination shall be filled from said *list*. Such appointments from *civil service lists* shall, in cities under the commission form, be made by the superintendents of the respective departments, with the approval of the council." (The italics are ours.)

Des Moines is under the commission form of government. In conformity to the scheme of the statute, Section 5701 declares that future appointments shall be made from the lists thus certified by the commission to the city council. Following an appointment from the list thus certified, there can be no removal of the persons so appointed except as provided by Section 5702 of the Code. That section reads:

"No person appointed from the *civil service list* shall be removed arbitrarily, but may be removed, after hearing, by a majority vote of the civil service commission for misconduct or failure to properly perform his duties." (The italics are ours.)

To what civil service list does Section 5702 refer? Obviously to the list named and provided for in the previous section, numbered 5698. Stating the thought differently, under Section 5698, the civil service commission, through their examination, select ten persons for each class of positions and thereafter appointments are to be made "from such civil service lists." So, the hearing that is to be had under Section 5702, above quoted, is limited to persons appointed "from the civil service lists."

Appellant, if she is a city employee protected by Section 5695, previously set forth, is not within the purview of Section 5702, because she was not appointed or selected from the civil service list. Rather than being selected out of that list, she was excused from an examination under Section 5695, and therefore never became a member of the civil service list through an examination under Section 5698. Her protection, if she has any under Section 5695, is in the statutory declaration that she cannot be removed except for cause. According to Engstrand v. Gilman (215 N. W. 657, reading on page 658), supra, "the obvious intent of the legislature was to make the rendition of long and efficient service a complete substitute for the requirement of the civil service act in respect to an examination." Although the Engstrand case was dismissed before final determination, and therefore is not an authority, yet the quotation therefrom just made is hereby adopted as a proper interpretation of the statutes under consideration. This proposition becomes more self-evident when Section 5704 of the Code is considered. In that section an appeal is authorized to the civil service commission. The language of the section is as follows:

"If there is an affirmance of the suspension or discharge of any person who secured *his appointment or employment through examination by the civil service commission,* he may, within five days thereafter, appeal therefrom to said commission." (The italics are ours.)

Manifestly, the only person who can appeal under the list there named is one who secured his appointment or employment through examination by the civil service commission. There is no claim that appellant received her appointment or employment through examination by the civil service commission. Contrary to that, she affirmatively contends that her rights in the premises

are under Section 5695, which excuses an examination. By accepting the benefits and privileges under Section 5695, the appellant necessarily elected to forego the benefits and privileges under Sections 5702 and 5704. In fact, Section 5695 is an exception to Sections 5696 and 5698, and therefore places the persons affected thereby outside the operation of Sections 5702 and 5704.

Whether the legislature was wise in not bringing the persons coming within the provisions of Section 5695 under Sections 5702 and 5704 is not for this court to decide: It is enough to note that the legislature did not do so. Nothing done by the city council in making the alleged finding that appellant has rendered long and efficient service can change the result above announced. Assuming that after having made that finding the city council could not rescind its action, nevertheless the situation must be the same. Such finding, if it were made and cannot be rescinded as attempted by the city council, however, does no more than bring appellant under the provisions of Section 5695, which, as before said, does not permit her to appeal to the civil service commission. Therefore, the civil service commission had no jurisdiction of the subject-matter, and its ruling in the premises was correct.

Relief was asked in the Engstrand case (215 N. W. 657), above cited, by way of injunction, as distinguished from appeal. By so referring to the Engstrand case it is not intended to suggest or decide that the appellant could in any event obtain relief through injunction or any other procedure. Neither is it meant by anything said in this discussion that the appellant comes under the provisions of Section 5695. That proposition is not determined.

Wherefore, the judgment and decree of the district court should be, and hereby is, affirmed.—Affirmed.

WAGNER, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.