JOHN LARSON, Appellee, v. CITY OF DES MOINES and JOHN MACVICAR, Superintendent Department of Public Streets, Appellants.

No. 41708.

MAY 2, 1933.

Fred T. Van Liew, and Chauncey A. Weaver, for appellants.

Walter W. Selvy, for appellee.

DONEGAN, J.—The plaintiff-appellee was an employee of the city of Des Moines, working in the department of public streets. On April 9, 1932, he was discharged from such employment. Plaintiff appealed from such discharge to the Civil Service Commission of the city of Des Moines. A hearing was had before such commission on the 26th day of April, 1932, and the commission found that the appeal should be sustained and plaintiff restored to his former status.

On the 24th day of May, 1932, plaintiff filed his petition in the district court of Polk county, Iowa, alleging that he had been denied the rights given to him by the decision of the Civil Service Commission, and asking for an order of mandamus commanding the defendants, the city of Des Moines and John MacVicar, superintendent of the streets department and public improvements, to comply with the findings of the Civil Service Commission.

Defendants answered admitting the discharge of plaintiff, alleging that such discharge was in conformity with law and resolutions passed by the city council of the city of Des Moines for the purpose of reducing the number of employees and expense of operation, that the blacksmith shop in which plaintiff had been employed was no longer in existence, that the discharge of plaintiff was not in defiance of the Civil Service Commission or its rulings, and denying all allegations of plaintiff's petition.

Trial was had, and on the 9th day of June, 1932, an order of mandamus entered directing the city of Des Moines and John MacVicar, superintendent of streets, to put the plaintiff back to work and restore him to his former status, and entering a judgment for damages for loss of wages in the sum of $238.46 against the defendants. From this order and judgment the defendants appeal.

The second and fourth errors relied upon by appellants for reversal are as follows:

"II. Plaintiff failed to establish any such Civil Service rights

44

as would warrant the trial court in giving mandatory Order restoring him to his former position.

"IV. The trial court was without jurisdiction either of the parties or of the subject-matter."

As already stated, this action is in mandamus. The petition alleged the plaintiff's employment by the city, his discharge, his appeal to the Civil Service Commission, the findings of the Civil Service Commission, the facts upon which he based his appeal to the Civil Service Commission, his demand to be put back to work, and the refusal of the defendants to do so, and asked that an order of mandamus issue commanding the defendants to comply with the findings of the Civil Service Commission.

The answer was in several divisions, one of which denied each and every allegation in plaintiff's petition. Inasmuch as the plaintiff-appellee asked a mandatory order compelling compliance by the defendants-appellants with the findings of the Civil Service Commission, it was incumbent upon the appellee to both allege and prove the authority of the Civil Service Commission.

Neither the appellee's pleading nor evidence shows that he was entitled to civil service standing because of having taken any examination. In fact, it is admitted that no such civil service examination was ever taken by him, and his right, if any, to be maintained in his employment by the city could only be based upon "long and efficient service" under the provisions of Code section 5695. It has been quite clearly established, however, by the holding of this court in Walling v. Civil Service Commission, 214 Iowa 1156, 243 N. W. 178, that "long and efficient service" does not give a city employee the right of appeal to the Civil Service Commission, and that the only city employees who are entitled to take such appeal are such as have been appointed from the civil service list. The Civil Service Commission, therefore, had no jurisdiction to hear the appeal of plaintiff-appellee, and the findings of that commission in restoring him to his status and directing that he be put back to work could not, therefore, have any legal standing. Such findings of the Civil Service Commission having been made without jurisdiction, the order of mandamus issued by the district court to compel compliance with such findings was, therefore, necessarily erroneous.

Appellee now contends, however, that, even though the proceedings before the Civil Service Commission and its findings

may have been a nullity, he is still entitled to the order of mandamus issued by the district court. His theory seems to be that his standing is that of an employee who had a right to be retained on account of "long and efficient service", and that, having been discharged without cause, he was entitled to the mandatory order of the district court compelling the defendants to restore him to his status. The entire record in this case, however, seems to indicate very clearly that the case was neither pleaded nor tried upon such theory, and that, on the contrary, the mandatory order of the district court was asked to compel compliance with the findings of the Civil Service Commission.

But, even if the pleadings and the evidence were such that the trial court might have taken that view for which appellee now contends, we would still be constrained to hold that the showing made by appellee was not sufficient to entitle him to an order of mandamus.

Under Code section 5712, the city of Des Moines had the power to decrease the number of its employees in the interest of economy and efficiency. Lyon v. Civil Service Commission, 203 Iowa 1203, 212 N.W. 579; Rounds v. City of Des Moines, 213 Iowa 52, 238 N.W. 428. This is what the defendants claim to have done in this case. The burden was upon the appellee to establish his right to be retained in the work which he had been performing, and we do not feel that he has sustained this burden.

For the reasons above stated, the order and judgment of the district court is reversed.

KINDIG, C. J., and EVANS, ALBERT, STEVENS, and CLAUSSEN, JJ., concur.