JOHN McMAHON, Appellant, v. CITY OF DES MOINES et al., Appellees; GEORGE H. GEYER, Intervener.

No. 45860.

AUGUST 11, 1942.

H. W. Hanson, for appellant.

F. T. Van Liew, City Solicitor, and Sam Orebaugh, Assistant City Solicitor, for appellees.

John Connolly, Jr., and C. I. McNutt, for intervener.

STIGER, J.— The question is whether plaintiff, a veteran of the World War, or intervener, George H. Geyer, who is not a veteran, is entitled to the position of shelterhouse attendant at the municipal airport.

Section 5695, Code 1939, appearing in chapter 289, Civil Service, provides, in part, as follows:

"5695 Preference by service. Any person regularly serving in or holding any position in the police or fire department, or a nonsupervisory position in any other department, which is within the scope of this chapter on the date this act [47 G.A, ch 156] becomes effective [April 16, 1937] in any city, who has then five years of service in a position or positions within the scope of this chapter, shall retain his position and have full civil service rights therein.

"Persons in nonsupervisory positions, appointed without

competitive examination, who have served less than five years in such position or positions on said date, shall submit to examination by the commission and if successful in passing such examination they shall retain their positions in preference to all other applicants and shall have full civil service rights therein * * *.''

In April 1936, George H. Geyer was appointed shelterhouse attendant—a nonsupervisory position—by Lee Keyser, Superintendent of the Department of Parks. He occupied this position to the date of the trial and during this time he was on the pay roll of the City of Des Moines, which pay rolls were approved semiannually by the Superintendent of Parks and the City Council.

Each year the City Council made an appropriation for his salary, which has been paid to him since his appointment in 1936. Intervener's appointment by the Superintendent was not formally approved by the City Council. Assuming approval of the appointment by the Council was necessary (see Loran v. City of Des Moines, 201 Iowa 543, 207 N. W. 529), the Council, by its actions, confirmed and ratified the appointment, and appellant's contention that intervener was not appointed to the position in 1936 cannot be sustained.

On September 7, 1940, a civil-service examination was held for the position of shelterhouse attendant at the airport, and intervener and appellant were certified to the City Council as having successfully passed the examination.

On September 16, 1940, A. H. Daniels, Superintendent of Parks, appointed appellant John J. McMahon to the position, which appointment was confirmed by the City Council to become effective on October 1, 1940. Section 5699.2 provides that civil-service appointments in cities under the commission form of government shall be made by the superintendents of the respective departments, with approval of the city council.

Intervener then appealed to the Civil Service Commission alleging his civil-service rights had been invaded by appellant. The Commission found that intervener was duly appointed and employed as shelterhouse attendant at the airport and was holding such position on April 16, 1937, the effective date of section 5695 of the 1939 Code of Iowa, and that, having success-

fully passed the civil-service examination, he was entitled to retain the position under the provisions of this section.

The order of the Commission was filed with the City Council and thereupon the council passed the following resolution:

"Roll Call No. 3252.

"Des Moines, Iowa, Sept. 30, 1940.

"Whereas, under Roll Call No. 2959 of September 16, 1940, John J. McMahon was appointed as Shelter House Attendant at the Airport, effective October 1, 1940; and

"Whereas, after hearing before the Civil Service Commission of Des Moines, Iowa, it has been determined that the present incumbent, George Geyer, has civil service preferential rights to said position and is entitled to retain the same with a seniority rating commencing April, 1936; Now, Therefore, *Be It Resolved, by the City Council of the City of Des Moines:*

"That Roll Call No. 2959 of September 16, 1940, appointing John J. McMahon to said position, be and is hereby rescinded."

Following the passing of the resolution, appellant filed his petition for a writ of certiorari. The trial court found intervener was entitled to the position and annulled the writ. From this judgment appeal was taken.

I. Appellant contends the court erred in holding the intervener had been appointed to the position of shelterhouse attendant in 1936 and that he retained this position under the provisions of section 5695. We are unable to agree with appellant.

As above stated, intervener was appointed to this non-supervisory position in 1936. He had served less than five years in this position when Civil Service Chapter 289 (chapter 156, Acts of the Forty-seventh General Assembly) became effective. He submitted to and successfully passed an examination by the commission, and, under the plain provisions of section 5695 (chapter 156, section 6, Acts of the Forty-seventh General Assembly), retained his position in preference to all other applicants with "full civil service rights therein."

For a recent construction of section 5695, see opinion by Hale, J., in City of Des Moines v. Board, 227 Iowa 66, 287 N. W. 288.

Having appointed appellant to a position in which there

was no vacancy, the Council had jurisdiction to rescind and it was its duty to rescind his appointment when it discovered intervener had civil-service preferential rights to the position under section 5695. We should state that when Mr. Daniels appointed appellant he did not know of intervener's civil-service rights.

██ II. Appellant claims that he is entitled to hold the position until removed, under the provisions of the Soldiers' Preference Act, citing Hahn v. Clayton County, 218 Iowa 543, 255 N. W. 695, and Jones v. City of Des Moines, 225 Iowa 1342, 283 N. W. 924. The answer to this contention is that in the case at bar there was no vacancy in the position when appellant was appointed, intervener being the incumbent under the provisions of section 5695. The cited cases are not applicable to ·the fact situation in the instant case.

██ III. Section 5704, 1939 Code, reads:

"5704 Appeal. · If there is an affirmance of the suspension, demotion or discharge of any person holding civil service rights, he may, within twenty days thereafter, appeal therefrom to the civil service commission. If the suspension, demotion, or discharge is not affirmed within five days the person who suspended, demoted, or discharged such officer or employee may in like manner appeal."

Appellant contends that the Civil Service Commission did not have jurisdiction of intervener's appeal to the Commission because he—intervener—was not suspended, demoted, or discharged; citing Walling v. Civil Service Comm., 214 Iowa 1156, 243 N. W. 178, and Larson v. City of Des Moines, 216 Iowa 42, 247 N. W. 38.

Assuming this proposition was submitted to the trial court, it cannot be sustained here because of section 5711, Code of 1939, which reads:

"5711 Jurisdiction—attorney—decision. The civil service commission shall have jurisdiction to hear and determine all matters involving the rights of civil service employees, and may affirm, modify, or reverse any case on its merits.

"The city attorney or solicitor shall be the attorney for the

commission or when requested by the commission shall present any matters concerning civil service employees to the commission.

"If the appeal is taken by a suspended, demoted, or discharged employee and reversed, he shall be reinstated as of the date of his suspension, demotion, or discharge, and shall be entitled to such compensation as the body having jurisdiction may determine."

The Commission had jurisdiction of intervener's appeal under the first paragraph of section 5711.

The cited cases were decided under section 5695, appearing in Civil Service Chapter 289, Code 1931, which read:

"5695. Examination excused. Persons now holding positions for which they have heretofore been appointed or employed after competitive examination, or who have rendered long and efficient service, shall retain their positions without further examination, but may be removed for cause."

Walling v. Civil Service Comm., supra, held the Commission had no jurisdiction of the appeal, by a municipal employee who retained her position without a civil-service examination, from the order discharging her, by the mayor of Des Moines, because she had never become a member of the civil-service list through an examination.

In Larson v. City of Des Moines, supra, at page 44 of 216 Iowa, page 39 of 247 N. W., the court, speaking through Mr. Justice Donegan, said:

"It has been quite clearly established, however, by the holding of this court in Walling v. Civil Service Commission, 214 Iowa 1156, 243 N. W. 178, that 'long and efficient service' does not give a city employee the right of appeal to the Civil Service Commission, and that the only city employees who are entitled to take such appeal are such as have been appointed from the civil service list."

However, section 5695, 1931 Code, was repealed by chapter 156, section 6, Acts of the Forty-seventh General Assembly, and section 5695, Code 1939, was enacted in lieu thereof, and, as intervener had full civil-service rights under the latter section,

the Commission had jurisdiction to entertain his appeal under section 5711, 1939 Code.

Section 5711, 1931 Code, read:

"5711. Decision. The council or civil service commission, as the case may be, shall determine the matter on its merits. If the appeal is taken by a suspended or discharged employee and reversed, he shall be reinstated as of the date of his suspension or discharge, and be entitled to compensation for such part of the period while suspended as the commission may determine."

Assuming this section limited the appellate power of the Commission to the appeal of discharged or suspended employees, it was repealed by chapter 156, section 19, Acts of the Forty-seventh General Assembly, and section 5711, 1939 Code, which gives the Commission jurisdiction to hear and determine all matters involving the rights of a civil-service employee, was enacted in lieu thereof.—Affirmed.

All JUSTICES concur.