Lieutenant Sidney W. **CONKEL** and Sergeant Merlin L. **Christian**, Appellees,

v.

**CIVIL SERVICE COMMISSION, CITY OF ANKENY, Iowa, Appellant.**

No. 88–278.

Supreme Court of Iowa.

July 31, 1989.

Patrick W. Brick and Douglas F. Staskal of Brick, Seckington, Bowers, Swartz & Gentry, P.C., Des Moines, for appellant.

John P. Roehrick and George W. Appleby, Des Moines, for appellees.

Considered by LARSON, P.J., and CARTER, LAVORATO, SNELL and ANDREASEN, JJ.

LARSON, Justice.

Sidney W. Conkel and Merlin L. Christian were police officers in Ankeny, Iowa, with the rank of lieutenant and sergeant, respectively. When the captain of the police department resigned in April 1986, the chief of police, Conkel's brother-in-law, assigned the duties of captain to Conkel and the duties of lieutenant were assigned to Christian. Neither officer was officially appointed by the chief to his new position, and at the time of the assignment, the civil service commission had abolished the post of captain. Conkel and Christian served under their new assignments until March 1987, when the city officially abolished the position of captain.

Conkel and Christian requested salaries commensurate with their newly assumed duties and, when the city refused, they filed complaints with the Ankeny Civil Service Commission. The commission concluded that it had no jurisdiction to allow back pay, and the officers petitioned for judicial review. The district court granted the officers' motion for summary judgment, ruling that, while the officers had not been formally appointed to their new positions, they were "temporarily filling a vacancy" under Iowa Code section 400.11 (1987) and entitled to pay for those positions. We reverse and remand.

The civil service commission initially raised three issues on appeal. One of the issues, involving alleged defects in the notice of appeal to the commission, has now been waived. The two issues which remain are (1) whether the civil service commission had jurisdiction to act, and (2) whether the court erred in entering summary judgment for the officers.

I. *Civil Service Commission Jurisdiction.*

Iowa Code section 400.20 suggests a limited scope of civil service jurisdiction. It provides:

The *suspension, demotion, or discharge* of a person holding civil service rights may be appealed to the civil service commission within fourteen calendar days after the suspension, demotion, or discharge.

(Emphasis added.) On the other hand, section 400.27 appears to provide for a broad jurisdiction. It states:

The civil service commission has jurisdiction to hear and determine matters involving the rights of civil service employees under this chapter, and may affirm, modify, or reverse *any* case on its merits.

(Emphasis added.)

The commission, pointing to section 400.-20, argues that it has jurisdiction in only three categories: suspension, demotion or discharge, and this case does not fall within any of them. Conkel responds that section 400.27 gives the commission jurisdiction to affirm, modify or reverse *any* case.

This court resolved the question of commission jurisdiction under similar statutes in *McMahon v. City of Des Moines*, 232 Iowa 240, 4 N.W.2d 866 (1942). There we

held that the commission had jurisdiction to decide a question of veterans' preference in hiring, refusing to limit the jurisdiction of the commission to suspensions, demotions, or discharges. *Id.* at 244–45, 4 N.W.2d at 868–69. Since *McMahon,* the legislature has not acted to clarify the apparent conflict between sections 400.20 and 400.27. In this appeal, however, it will make no difference to Conkel, because his case must fail on its merits.

## II. *Summary Judgment.*

In the judicial review proceedings in district court, the officers filed a motion to adjudicate law points under rule of civil procedure 105 asserting that, as a matter of law, they were "person[s] temporarily filling a vacancy in a position of higher grade" and therefore entitled to the salary for those positions. *See* Iowa Code § 400.11. The court agreed and, after adjudicating the law issue as requested, entered summary judgment for the officers.

We do not embrace this view of section 400.11. While the language quoted above supports the officers' view of the law when it is considered in isolation, the statute as a whole does not. Section 400.11 provides in relevant part that

[t]he commission shall ... certify to the city council a list of the names of the ten persons who qualify ... or such number as may have qualified if less than ten ... for the position they seek to fill....

. . . .

*When there is no such preferred list or certified eligible list, or when the eligible list shall be exhausted,* the person or body having the appointing power may temporarily fill a newly created office or other vacancy only until an examination can be held and the names of qualified persons be certified by the commission, and such temporary appointments are hereby limited to ninety days

for any one person in the same vacancy, but such limitation shall not apply to persons temporarily acting in positions regularly held by another. Any person temporarily filling a vacancy in a position of higher grade for twenty days or more, shall receive the salary paid in such higher grade.

(Emphasis added.)

■ The "filling [of] a vacancy" referred to in section 400.11 must be done in accordance with that statute's directions. As section 400.11 clearly states, it comes into play only when no preferred list or certified eligible list has been compiled or when that list has been exhausted. The record discloses that a certified eligible list existed for both the captain and the lieutenant positions at the time Conkel and Christian assumed their respective duties. The statute relied on by the district court therefore could not, by its explicit terms, be applied in this case. If these positions were to be filled, the chief should have appointed Conkel and Christian, who were both on the eligibility lists, outright pursuant to his power under section 400.15.

■ Even if the chief had appointed them in accordance with section 400.15 however, the record reflects a substantial question exists as to whether a bona fide captain's position existed. The city code did not recognize the position of captain; an extensive search by the city manager, the city clerk, and the personnel manager disclosed no records or information by either the commission or the council establishing the position; and the commission recognized the elimination of the captain's position, if it ever existed, before the chief ever assigned the captain and lieutenant positions to Conkel and Christian. Furthermore, the chief concedes he would have had a problem appointing Conkel to the captain's post under Iowa's antinepotism statute [1] because Conkel is the chief's brother-in-law.

---

1. Iowa's antinepotism statute, Iowa Code § 71.1 (1987), states:

It shall hereafter be unlawful for any person ... appointed to any public office or position under the laws of the state or by

virtue of the ordinance of any city in the state, to appoint as deputy, clerk, or helper in said office or position to be paid from the public funds, any person related by consanguinity or affinity, within the third degree, to the person

Giving legal recognition to a de facto "appointment," under a statute which was improperly invoked, would frustrate the purpose of our civil service law. This body of law was created to put positions in the classified services beyond political control or the exercise of partisanship or favoritism. *See Airport Comm'n v. Schade*, 257 N.W.2d 500, 503 (Iowa 1977); 15 Am.Jur.2d *Civil Service* § 1, at 5–7 (1976). It is also significant that Conkel's de facto "appointment" was to a position the existence of which was questionable, and was made by an individual who, by himself, could not make the appointment lawfully.

Entry of summary judgment for these officers was error. We reverse and remand for further proceedings on the officers' judicial review petition in accordance with this opinion.

REVERSED AND REMANDED.

... appointed, or making said appointment, unless such appointment shall first be approved by the officer, board, council, or commission whose duty it is to approve the bond of the principal....