**Thomas A. SCHULZ, Appellant,**

v.

**CITY OF DAVENPORT, Appellee.**

**No. 88–1639.**

Supreme Court of Iowa.

Aug. 16, 1989.

Ted Breckenfelder and W. Michael Shinkle, Davenport, and Stephen L. Schalk, Davenport, for appellant.

John R. Martin, Davenport, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, CARTER, and SNELL, JJ.

CARTER, Justice.

Plaintiff, Thomas A. Schulz, a former Davenport police officer, appeals from an order dismissing his action on the ground that the subject matter fell within the exclusive jurisdiction of the civil service commission. His claims concern the legal efficacy of a letter of resignation. It is his contention that he lacked the mental capacity required to execute a legally effective resignation. Upon consideration of the arguments of the parties, we find that the issue presented lies outside the jurisdiction of the civil service commission and that the district court erred in dismissing plaintiff's action for want of subject matter jurisdiction.

Plaintiff served as a Davenport police officer from 1967 until the time of the disputed resignation in February 1986. On February 14, 1986, he submitted a letter of resignation which he now claims to have been ineffective. Shortly after tender of the purported resignation, certain police department personnel attempted to have plaintiff involuntarily hospitalized because of his violent and abusive behavior in a domestic dispute. On February 19, 1986, a hospitalization referee ordered that plaintiff be committed for an examination pursuant to Iowa Code chapter 229. As a result of that order, plaintiff was hospitalized briefly and then released.

On March 3, 1986, plaintiff wrote the City seeking to withdraw his resignation and requesting a six-month leave of absence. After receiving no response to this request, he again wrote the City on April 21, 1986, requesting reinstatement and a leave of absence. As a result of the City's failure to act affirmatively on these requests, plaintiff, on June 30, 1986, filed an appeal with the Davenport Civil Service Commission challenging the City's refusal to reinstate him.

Plaintiff, who was not represented by counsel in the civil service commission proceedings, filed a written statement alleging that, at the time of his purported resignation, he was undergoing serious emotional problems which interfered with his judgment. He further asserted that the police department command personnel, aware of his mental state, acted improperly in accepting the resignation. On July 11, 1986, the civil service commission issued a letter decision declaring that it had no jurisdiction to hear complaints involving resignations. Plaintiff did not appeal that decision to the district court as provided in Iowa Code section 400.27 (1985).

On July 28, 1987, more than a year after the civil service commission's letter decision, plaintiff filed this action in the district court alleging that his resignation did not operate to terminate his employment with the City because he lacked the mental capacity to render an effective resignation. He requested that the court grant him relief by way of reinstatement to his former position, payment of back wages, and restoration of all pension and benefit rights.

The City moved to dismiss plaintiff's action on the ground that the subject matter fell within the exclusive jurisdiction of the

civil service commission under the provisions of Iowa Code chapter 400. This motion to dismiss was granted by the district court on October 5, 1988, and this appeal ensued.

■ In reviewing plaintiff's contentions on appeal, we accept as a general proposition the City's contention that employee complaints, which fall within the ambit of civil service commission review, must be presented to that body prior to seeking judicial relief. It has been stated that:

> Where by statute or applicable rule or regulation the remedy for dismissal or wrongful discharge from service lies in an appeal to the civil service commission, which is empowered to make a final decision in the matter, resort may not be had to the courts unless the appropriate remedy is first pursued.

15A Am.Jur.2d *Civil Service* § 80 (1976). The central issue on appeal thus becomes whether plaintiff is correct in asserting that the legal efficacy of his resignation is not a matter that may be determined on an employee appeal to the civil service commission.

A statute in effect at the time of plaintiff's letter of resignation provided:

> The civil service commission shall have jurisdiction to hear and determine *all* matters involving the rights of civil service employees, and may affirm, modify, or reverse any case on its merits.

Iowa Code § 400.27 (1985) (emphasis added). This statute was amended in 1986 so as to now provide:

> The civil service commission has jurisdiction to hear and determine matters involving the rights of civil service employees *under this chapter,* and may affirm, modify, or reverse any case on its merits.

1986 Iowa Acts ch. 1138, § 9 (emphasis added).

The City suggests this change in statutory language indicates that the commission's jurisdiction was broader under the prior version than it is under the present version. Our recent decision in *Conkel v. Civil Service Commission,* 444 N.W.2d 92 (Iowa 1989), decided under the current version of section 400.27, did not resolve the scope of the commission's jurisdiction. We are less than certain, however, that this amendment added much to the meaning of the statute as applied to employee appeals. There is a distinction between the plenary jurisdiction of the civil service commission for all purposes and the permissible subjects for employee appeals to that commission. The permissible subjects for employee appeals are specified as follows in section 400.20:

> *The suspension, demotion, or discharge of a person holding civil service rights may be appealed to the civil service commission* within fourteen calendar days after the suspension, demotion, or discharge.

(Emphasis added.)

Although our decision in *McMahon v. City of Des Moines,* 232 Iowa 240, 4 N.W.2d 866 (1942), provides some support for the City's broad interpretation of the "determine all matters" language of the former statute it appears that if the appealing employee in *McMahon* had lost his case he would also have lost his job. Consequently, the factual pattern may be viewed as a constructive discharge appealable under the language of section 400.20. The discussion in that case of the "determine all matters" language was not necessary to the result reached.

Some courts have found constructive discharges for purpose of civil service review in cases involving coerced resignations. *See, e.g., Dabney v. Freeman,* 358 F.2d 533, 535 (D.C.Cir.1965); *Valenzuela v. State,* 194 Cal.App.3d 916, 919–20, 240 Cal. Rptr. 45, 47 (1987); *Wied v. Marion County,* 275 Or. 711, 721, 552 P.2d 1294, 1300 (1976). In the present case, however, there is no contention that the challenged resignation was the product of any action by the employer. Consequently, the situation does not present an arguable claim of a constructive discharge which might be appealed under section 400.20. The district court erred in concluding otherwise. Because the civil service commission was without jurisdiction in the matter, there can be no preclusive effect given to plaintiff's

unsuccessful appeal to that body. *See* Restatement (Second) of Judgments § 13 (1982) (dismissal of claim for want of subject matter jurisdiction poses no bar to subsequent proceeding in proper forum).

▇ In addition to concluding that the civil service commission lacked jurisdiction over plaintiff's present claim, we also conclude that the district court does have jurisdiction to hear that matter. It has been recognized that an employee resignation, although a unilateral action, is contractual in nature and is ineffectual without the requisite volition. *See Sherman v. Board of Trustees,* 9 Cal.App.2d 262, 266, 49 P.2d 350, 352 (1935); *Gauden v. Borough of Roscoe,* 79 Pa.Commw. 589, 592, 470 A.2d 191, 193 (1984). Consequently, we believe the primary issue in plaintiff's action is a matter falling within the general jurisdiction of the Iowa District Court to enter declaratory judgments as to contract rights and status under Iowa Rule of Civil Procedure 262. Because the act which is sought to be avoided is contractual in nature, the capacity to execute that act is governed by the same considerations which affect the capacity to contract in other situations. A detailed discussion of that subject is found in *Sjulin v. Clifton Furniture Co.,* 241 Iowa 761, 767–69, 41 N.W.2d 721, 725–26 (1950). Nothing expressed in this opinion is intended to indicate any view on our part as to the merit of plaintiff's claim.

For reasons which we have stated, the order of the district court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.