# IN THE COURT OF APPEALS OF IOWA

No. 19-1196
Filed September 2, 2020

**ARTHUR ALAN POYNER,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

 Appeal from the Iowa District Court for Pottawattamie County, Craig M. Dreismeier, Judge.

 Arthur Poyner appeals following the summary disposition of his application for postconviction relief. **AFFIRMED.**

 Marti D. Nerenstone, Council Bluffs, for appellant.

 Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.

 Considered by Mullins, P.J., Ahlers, J., and Scott, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**MULLINS, Presiding Judge.**

Arthur Poyner was convicted of first-degree murder in 1979; the supreme court affirmed his conviction on direct appeal. *See generally State v. Poyner*, 306 N.W.2d 716 (Iowa 1981). In 1982, a postconviction-relief action was opened, and Poyner was appointed counsel. No actual application for postconviction relief was ever filed, and the district court dismissed the action for lack of prosecution. The supreme court affirmed, concisely ruling:

> The appellant calls this an appeal in a postconviction relief proceeding. That is, the plaintiff, previously a criminal defendant, claims he was improperly denied postconviction relief. But there was never any application for postconviction relief. There was no document filed in district court which could in any way be construed as an application for postconviction relief. No grounds are stated which would be grounds for postconviction relief. We thus have no authority to order postconviction relief in this proceeding. The district court properly dismissed the action.

*Poyner v. State*, No. 155/88-1580, slip op. at 1 (Iowa June 4, 1990).[1]

In April 2016, Poyner filed an application for reinstatement of the prior postconviction-relief proceeding.[2] In support of his application, he cited this court's unpublished decision in *Hrbek v. State*, No. 13-1619, 2015 WL 6087572, at *2–3 (Iowa Ct. App. Oct. 14, 2015), where we followed *Lado v. State*, 804 N.W.2d 248, 252–53 (Iowa 2011) in reversing a denial of an application to reinstate filed outside

---

[1] The ruling was included in our record on appeal but is not available in legal-research databases.

[2] Poyner had previously filed another postconviction-relief application in 2001, the denial of which we affirmed. *See generally Poyner v. State*, No. 03-1969, 2006 WL 1410163 (Iowa Ct. App. May 24, 2006). He filed yet another application in 2013, which was denied. The appeal was dismissed as frivolous by supreme court order.

the six-month window noted in Iowa Rule of Civil Procedure 1.944(6) on ineffective-assistance-of-counsel grounds.

Roughly a year after filing his application for reinstatement, Poyner filed an application for postconviction relief in the same matter, asserting general claims of ineffective assistance of counsel in the criminal proceeding, on direct appeal, on postconviction relief, and on appeal from postconviction relief. Citing *Lado*, he claimed his application was not time-barred due to structural error on postconviction relief.

The State resisted reinstatement of the prior proceeding and moved for summary disposition of the application for postconviction relief. The State argued the application for postconviction relief did not meet the new-ground-of-law exception to the statute of limitations because it was not filed within three years of the *Lado* decision and it was therefore time-barred.

In his responsive supplement to his application, Poyner claimed his attorneys in the first postconviction proceeding were ineffective to the level of structural error for failing to file an application for postconviction relief prior to dismissal. In a subsequent supplement, he argued his speedy-trial right was violated in the criminal proceeding.

The matter proceeded to hearing, at which both parties largely echoed their previous arguments. Following briefing from the parties, the court entered an order granting the State's application for summary disposition. The court reasoned the instant application for postconviction relief was not filed within three years of *Lado's* pronouncement of a new ground of law, nor was it filed "promptly" after the conclusion of the original proceeding, within the meaning of *Allison v. State*, 914

N.W.2d 866, 892 (Iowa 2018). The court found the record sufficient to dispose of the speedy-trial-violation claim on the basis that Poyner and his counsel agreed to delay trial to secure a change in venue. The court did not specifically rule on the application to reinstate the prior proceeding.

Poyner appeals. He claims (1) his right to a speedy trial was violated, his sentence is therefore illegal, and all prior counsel were ineffective in failing to argue the same; (2) all of his counsels' performance constituted structural error or ineffective assistance; (3) his right to effective assistance of counsel was violated; (4) the statute of limitations contained in Iowa Code section 822.3 (2016) is unconstitutional; (5) ineffective assistance of his attorneys' amounts to a ground of fact sufficient to toll the statute of limitations; and (6) genuine issues of material fact exist precluding summary disposition.

Upon our de novo review, we agree with the district court's well-reasoned decisions that Poyner's right to a speedy trial was not violated and the various substantive claims of ineffective assistance of counsel contained in the application for postconviction relief are time-barred and no exception to the statute of limitations applies. Because we agree with the reasons and conclusions of the district court, we affirm on arguments one, two, three, five and six without further opinion pursuant to Iowa Court Rule 21.26(1)(d). The claim that the statute of limitations contained in section 822.3 is unconstitutional was not made before the district court and, if it had been, the court did not address it in its ruling, so error was not preserved. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). We therefore do not consider argument four.

Poyner does not appear to specifically challenge the lack of reinstatement of the prior postconviction proceeding. Even if he did, error was not preserved because the court only ruled on the motion for summary disposition of the application for postconviction relief; it did not rule on the application for reinstatement. *See id.* The proper procedure to preserve error was to file a motion raising the court's failure to decide the issue prior to appealing. *See Lamasters v. State*, 821 N.W.2d 856, 863 (Iowa 2012). Furthermore, as the supreme court noted on appeal following the dismissal of the initial proceeding, there was no authority to grant postconviction relief as to the first proceeding because no application was ever filed. The 1982 postconviction-relief proceeding was opened via Poyner's motions to proceed in forma pauperis and to produce. In 1982, the procedure to commence a postconviction-relief proceeding was by "filing an application verified by the applicant with the clerk of the court in which the conviction or sentence took place." Iowa Code § 663A.3 (1979) (codified as amended at Iowa Code § 822.3). As noted, no such verified application was ever filed. Further, the application was filed with the Montgomery County clerk of court. While Poyner was tried in that county following a change in venue, adjudication of guilt and sentence were entered in Pottawattamie County, where the crime occurred, which was the appropriate venue for postconviction relief. No proceeding was ever commenced, and there is nothing to be reinstated.

Finding no cause for reversal on the issues properly presented for our review, we affirm the district court.

**AFFIRMED.**