Argued June 1, affirmed in part; reversed in part and remanded
July 7, 1972

## HELBERG, *Appellant, v.* CIVIL SERVICE COMMISSION OF TUALATIN RURAL FIRE PROTECTION DISTRICT (Nos. 31-999, 32-037), *Respondent.*

498 P2d 789

*Virginia R. Renwick,* Tigard, argued the cause for appellant. With her on the briefs were Renwick and Althaus, Tigard.

*Fred A. Anderson,* Tigard, argued the cause for respondent. With him on the brief were Anderson & Dittman, Tigard.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

This appeal involves the proper construction and application of provisions of the firemen's civil service law, ORS 242.702 to 242.824, dealing with suspension and dismissal of firemen.

Petitioner Helberg, a civil service employe of the Tualatin Rural Fire Protection District, appeals from two decrees of the circuit court of Washington County affirming the action of the district's civil service commission in upholding separate orders of the district suspending and dismissing him. The two proceedings were tried together by the trial court and have been consolidated in this court. The trial court found that the actions by the fire district's civil service commission in upholding both the suspension and the dismissal were made in good faith for cause.

The two principal issues presented by petitioner's assignments of error may be summarized as follows:

(1) Were the required statutory procedures followed in suspending and dismissing petitioner?

(2) Did the trial court err in affirming the action of the district's civil service commission (respondent) which sustained petitioner's suspension and dismissal?

ORS 242.804 provides the procedures for appeal to the circuit court from a decision of the local civil service commission. Subsection (3) thereof limits the issue on such appeal to a "determination of whether the order of removal, discharge, demotion or suspension made by the commission was made in good faith for cause."

Helberg was hired as a probationer fireman on October 1, 1969. On October 1, 1970, he completed his one-year probationary period and became a permanent employe of the district. On October 6 the Tigard Police Department informed the fire district that three teen-age girls had accused Helberg of a serious criminal offense, and that a criminal complaint had been signed by a parent of one of the girls. On October 13 the Tigard police requested Chief Washburn to release Helberg from work to report to the police station. At the station, and in discussion with Chief Washburn, Helberg denied the accusation. On the same day written notice of suspension was given to Helberg by Chief Washburn. The notice repeated the same accusation and listed the specific rules and regulations allegedly breached.

The suspension by Chief Washburn was approved by the district's board of directors on October 14. Helberg then requested a public hearing on his suspension before the civil service commission for the district. The request was granted and the commission met on November 18 for the purpose of holding a hearing. Helberg appeared with counsel. He did not testify. Following the hearing the commission concluded that the suspension action taken by Chief Washburn, as affirmed by the board of directors, was in good faith for cause.

On November 24 the board of directors informed Helberg that it had resolved to discharge him. In a letter to the commission dated November 30, Helberg demanded an investigation and public hearing on his dismissal. The demand letter read:

"I hereby demand an investigation regarding 'statement of accusation and notice of impending discharge' directed to me by the Board of Directors of Tualatin Fire Protection District in a letter dated November 24, 1970, and I request that I be allowed a public hearing on this matter with the right to counsel and all other rights and privileges available to me."

This was answered by a letter dated December 7 and signed by the commission's secretary informing Helberg that no further action would be taken as the commission felt the action taken by the board of directors "was in good faith and for cause."

Helberg thereupon appealed both the suspension and the discharge to the circuit court of Washington County. Both cases were tried together, restricted solely to the issue of whether the actions taken by the civil service commission in affirming the suspension and dismissal were in good faith for cause.

At the trial the court asked the chairman of the commission whether a hearing on the dismissal was held in response to Helberg's demand. The chairman answered as follows: That they did not hold one; that a hearing had just previously been held on the suspension; that a review of the testimony from that hearing convinced the commission that there was sufficient cause for dismissal; that "there was never any question of good faith on the dismissal as well as the suspension"; that he did not feel that Helberg's letter

constituted a legal request for a hearing. The remaining two members of the commission testified that they did not attend any meeting of the commission regarding the dismissal.

ORS 242.800 provides:

> "Any permanent employe who has been dismissed, demoted, suspended without pay or deprived of special privileges may, within 10 days, file with the commission a signed written demand for an investigation. If the demand alleges, or if it otherwise appears to the commission, that the dismissal was not made in good faith for cause, the commission shall conduct an investigation and hold a public hearing, such hearing to be within 30 days from the time appeal is filed. Appellant may be represented by counsel or any representative of his own choosing. The investigation shall be confined to the determination of the question of whether the dismissal was made in good faith for cause."

■ Contrary to the procedure followed by the commission on Helberg's suspension, which was in conformity with the above quoted statute, it affirmatively appears from the record that following the dismissal the commission did not meet to consider and act upon Helberg's request. Apparently the chairman acted on his own in denying Helberg a hearing on his dismissal. Such action by the chairman did not constitute a legal and valid decision of the commission. ORS 242.800. Regardless of whether petitioner's demand letter included a specific allegation that "the dismissal was not made in good faith for cause," for the commission to determine that a hearing was not to be granted upon Helberg's request, a meeting of the members of the commission, and a decision from them, was required.

In *McAlpine v. Garfield Water Commission*, 135

NJL 497, 52 A2d 759, 171 ALR 172 (1947), the New Jersey court said that a resolution for the removal of an employe adopted by a board or commission may be invalid and may be set aside where one or more of the members of the board or commission were not present during the entire hearing on which the resolution of removal was predicated. *Accord: City of Asbury Park v. Dept. of Civil Service,* 17 NJ 419, 111 A2d 625 (1955). To the same effect see *Jaquith v. Hartley,* 243 Or 27, 411 P2d 274 (1966); *State ex rel. v. Rhodes,* 48 Or 133, 134, 85 P 332 (1906); *Murphy v. City of Albina,* 22 Or 106, 29 P 353 (1892).

As to Helberg's suspension, the record of the circuit court indicates, as does the record of the proceedings before the civil service commission, that Helberg had ample opportunity to establish that his suspension was not for cause and was not done in good faith. In this matter the burden of proof was on Helberg to show lack of good faith and insufficient cause. *Nelson v. Baker et al.,* 112 Or 79, 85, 227 P 301, 228 P 916 (1924). In both instances, before the commission and again before the trial court, he failed in this burden.

In *Wenatchee v. Berg,* 1 Wash App 354, 461 P2d 563 (1969), the Washington Court of Appeals considered an appeal involving a similar situation. The Washington statute, RCW 41.08.090, contained language similar to ORS 242.804 in that an appeal from a determination of the civil service commission shall be determined by the court in a summary manner and shall be confined to the determination of whether the action of the commission was taken in good faith for cause. Like Oregon's statute, the Washington statute is specific in stating that these are the only grounds for appeal.

The Washington court stated that this language is clearly mandatory:

"* * * Therefore, if the superior court on appeal determines that the Civil Service Commission in good faith and for cause concluded that an employee should be dismissed from the public service, any further inquiry is precluded, except for abuse of discretion. [Citing cases.]" 1 Wash App at 358.

Finding that the commission made its decision in good faith and for cause, the court affirmed the judgment of the trial court.

For a discussion of the construction and application of a similar provision limiting the scope of administrative and judicial review of disciplinary actions involving a state civil service employe, see *Phillips v. State Bd. of Higher Ed.*, 7 Or App 588, 591, 490 P2d 1005 (1971), Sup Ct *review denied* (1972).

We conclude:

(1) The decree of the circuit court holding that the suspension of Helberg was supported by substantial evidence is affirmed.

(2) Failure of the commission to give Helberg a hearing following his dismissal as required by ORS 242.800 constituted a lack of good faith and a denial of due process. The decree upholding the dismissal is reversed.

(3) Petitioner's other assignments of error are without merit.

Affirmed in part; reversed in part and remanded for further proceedings in accordance with this opinion.