Argued March 21, affirmed April 21, 1975

THE DISTRICT COURT OF MULTNOMAH
COUNTY, *Respondent, v.* MULTNOMAH COUNTY
ET AL, *Defendants,* DIXSON, *Appellant.*
534 P2d 207

Robert P. Johnson, Portland, argued the cause and filed a brief for appellant.

Malcolm J. Montague, Portland, argued the cause for respondent. With him on the brief were Williams, Montague, Stark, Hiefield & Norville, P.C., Portland.

Before SCHWAB, Chief Judge, and FOLEY and HOWELL, Judges.

HOWELL, J., Pro Tempore.

This is a declaratory judgment proceeding in which the plaintiff, the District Court of Oregon for Multnomah County, seeks a decree holding that an order of the Civil Service Commission of Multnomah County reinstating an assistant court administrator was void and holding that the Civil Service Commission lacks the jurisdiction to review the discharge of an assistant court administrator by the district court. The circuit court found for the plaintiff, and defendant Kenneth C. Dixson appeals.

The defendant Dixson was hired by the Municipal Court of Portland on September 27, 1971, as a Temporary Clerk 2. Shortly thereafter he was appointed to the newly-created position of assistant court ad-

ministrator for the municipal court. The ordinance creating this position specified that it was a classified position under civil service. However, Dixson was appointed to the position without taking a civil service examination. All parties agree that Dixson did not acquire civil service status during the time he was employed by the Municipal Court of Portland.

On January 1, 1972, the Municipal Court of Portland was merged with the District Court for Multnomah County. Dixson was continued in his position as assistant court administrator. On February 8, 1972, the Multnomah County Civil Service Commission received a list from the executive assistant to the Board of County Commissioners showing those employees of the municipal court to be "transferred under civil service to the Dept. of Judicial Administration." Among those on the list was Dixson. After Dixson's name was a "T" apparently indicating temporary.

On March 2, 1973, Dixson was discharged from his position by the presiding judge of the district court. Dixson appealed his discharge to the Multnomah County Civil Service Commission. The Civil Service Commission determined, after a hearing, that the discharge was without cause and held that Dixson was entitled to reinstatement. Following the ruling of the Civil Service Commission, the district court brought this declaratory judgment proceeding to declare that the order of the Commission was void and that the Commission lacks jurisdiction to review the discharge of an assistant court administrator by the district court.

■ Defendant argues, as a threshold question, that only this court has jurisdiction to hear an appeal from the Multnomah County Civil Service Commission. He apparently bases this contention solely on the provisions of the Administrative Procedures Act. He is

not correct. The APA applies only to state as distinguished from local agencies. ORS 183.310(1).[①]

The plaintiff prayed for a declaration "that the purported reinstatement of Kenneth C. Dixson by the Multnomah County Civil Service Commission was and is void and invalid." If the defendant never acquired civil service status with Multnomah County, then the Civil Service Commission would be without jurisdiction to order his reinstatement. We hold that Kenneth C. Dixson never acquired civil service status with the county and thus the Civil Service Commission was without jurisdiction to order·his reinstatement.

■ As noted above, Dixson had not acquired civil service status during the time he was employed by the Municipal Court of Portland. At the time of the merger of the courts, Dixson's name was submitted to the Civil Service Commission along with the names of employees who had acquired civil service status with Portland. This process of submitting the names of civil service employees from one governmental unit to the civil service commission of another governmental unit for automatic induction into that governmental unit's civil service system is known as "blanketing in" and is apparently done under authority of ORS 236.610(1):

"No public employe shall be deprived of his employment solely because the duties of his employment have been assumed or acquired by another public employer, whether or not an agreement, annexation or consolidation with his present employer is involved. Notwithstanding any statute, charter, ordinance or resolution, but subject to ORS 236.610 to 236.650, the public employe shall be transferred to the employment of the public

[①] " 'Agency' means any *state* board, commission, department, or division thereof, or officer authorized by law to make rules or to issue orders, except those in the legislative and judicial branches." (Emphasis added.) ORS 183.310(1).

employer who assumed or acquired his duties, without further civil service examination."

The import of this statute is clear. A *civil service employee* covered under the statute and transferred to another governmental unit shall be so transferred "without *further* civil service examination." An employee who never had civil service status is not within the protection of ORS 236.610.

Defendant Dixson, however, contends that he has obtained civil service status by virtue of Multnomah County Civil Service Ordinance 10, § 1.109. This section deals with the "effect on incumbent when position first becomes subject to civil service." It generally provides protection for persons who have held positions with the county for at least four months and whose positions then become subject to civil service. Defendant Dixson had not been employed by Multnomah County for four months at the time his position was classified. He became a county employee on the same day his job became a classified county job.

■■ Finally, defendant contends that the district court is estopped to deny that he has acquired civil service status. During the confusion of a merger of two of the largest courts in the state, defendant's name was submitted to the Civil Service Commission. The person submitting the names admitted that the inclusion of Dixson was a mistake on his part. The ordinances of Multnomah County set out the methods by which one may obtain civil service status. One may not gain that status due to the good faith mistake of an employee of the county who had no authority to vest an employee with civil service status. *See Bankus v. City of Brookings,* 252 Or 257, 449 P2d 646 (1969); *Clackamas County v. Emmert,* 14 Or App 493, 513 P2d 532, S Ct rev denied (1973).

■ Our determination that defendant Dixson did not

acquire civil service status through the merger of the municipal court and the district court renders it unnecessary for us to determine whether the trial judge was correct in declaring that "the Multnomah County Civil Service Commission lacks jurisdiction to review the discharge by the Multnomah County District Court of an assistant court administrator to that court" and that the right to discharge the defendant lies exclusively within the inherent powers of the district court.

The decree of the circuit court voiding the action of the Civil Service Commission of Multnomah County reinstating defendant Dixson is affirmed.