Argued July 28, judgment vacated; appeal dismissed November 10, reconsideration denied December 17, 1975, petition for review allowed February 24, 1976

WIED, *Appellant, v.* MARION COUNTY ET AL (No. 83343, CA 4148), *Respondents.*

542 P2d 149

A. B. *Cummins, Jr.,* Salem, argued the cause for appellant. With him on the brief were Rhoten, Rhoten & Speerstra and Geo. A. Rhoten, Salem, and David J. Wied, in propria persona, Jefferson.

*Gary D. Gortmaker,* District Attorney, Salem, argued the cause and filed the brief for respondent James F. Heenan.

No appearance by respondent Marion County.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

Appellant Wied, a regular deputy sheriff in respondent county, appeals from an order of the circuit court holding (1) that the Marion County Civil Service Commission lacked jurisdiction to enter an order, after hearing, that a purported resignation of Wied was not a voluntary one, and (2) that even if it had such jurisdiction the record of the hearing does not contain substantial evidence to support the finding of involuntariness.

A further question presents itself which was not presented either to the trial court or to this court. Since it relates to the jurisdiction of the circuit court

to have heard this matter at all, we find it necessary to consider it.

ORS ch 241 deals with the provision of civil service for counties and the rights granted employes thereunder. ORS 241.020 makes the statute mandatory only to counties of over 300,000. However, ORS 241.002 to 241.008 authorize procedures whereby the Act following its adoption by the county voters may become effective in a county so enacting it. ORS 241.-006 provides there may be submitted to the voters a proposal:

"(1)   To make ORS 241.020 to 241.990 and any subsequent amendments thereto, providing a system of civil service under which county employes shall be employed, applicable to such county;

"(2)   To make ORS 242.702 to 242.824 and any subsequent amendments thereto, providing a system of civil service under which certain political subdivisions shall employ firemen, applicable to such county for all county employes;

"(3)   That provides a system of civil service which substantially accomplishes the general purposes of ORS 241.020 to 241.990 or ORS 242.702 to 242.824, including methods of recruitment and promotion of county employes by competitive examinations and provisions for job tenure for county employes * * *

"* * * * * *"

Marion County adopted a Civil Service Act pursuant thereto.

ORS 241.455 provides:

"No final judgment or order of removal, discharge, suspension or demotion made with the unanimous consent of the commission pursuant to ORS 241.450 shall be subject to review by any tribunal."

The record here and in the circuit court fails to include the complete record of the Marion County Civil Service Commission, and we thus do not have a copy of the complete order here appealed from. However, appellant's brief informs us that its order was unanimous. This is not contradicted by respondent. That portion of the order contained in the abstract recites that the three members of the commission were present at the hearing. We thus conclude the order was unanimous.

Because the civil service proposal adopted by the Marion County voters does not contain ORS 241.455, the parties and the court below apparently assumed that it has no application to this case.

In *Lines v. City of Milwaukie*, 15 Or App 280, 515 P2d 938 (1973), Sup Ct *review denied* (1974), we had occasion to consider a case involving an almost identical problem of the discharge of a city fireman in a home rule city and the relation of its charter provision to the state civil service enabling Act. There, after discussing the problem of conflict between the two, we said:

> "Section 68 of the city charter did not confer jurisdiction on the circuit court. A home rule city has no power to expand or contract the jurisdiction of the circuit courts of the state of Oregon. *City of Portland v. Stevens*, 180 Or 514, 178 P2d 175 (1947); *La Grande v. Municipal Court et al*, 120 Or 109, 251 P 308 (1926); *Wong Sing v. Independence*, 47 Or 231, 83 P 387 (1905)." 15 Or App at 286.

*See also: Boyle v. City of Bend*, 234 Or 91, 380 P2d 625 (1963).

■ Here ORS 241.455 expressly provides that no tribunal may review the described actions of the county civil service commission where unanimously arrived

at. That provision is clearly a part of the general purposes of the county civil service act. As such the county in enacting its own proposal for a civil service system would seem to be required by ORS 241.006(3) to comply with it. And certainly in the absence of an express provision to the contrary the Marion County ordinance cannot be construed to be contradictory to ORS 241.455. Furthermore, if so construed, under the rule of *Lines* it would clearly be void as an attempt by the county ordinance to confer jurisdiction upon the circuit court in direct derogation of the enabling Act, ORS 241.455.

■ Furthermore, ORS 241.455 by its terms applies only when a civil service commission has issued a "* * * final judgment or order of removal, discharge, suspension or demotion * * *" with respect to the employe. This was not the case here. As pointed out above, the sheriff appealed to circuit court a decision of the commission that Mr. Wied's resignation was not voluntary. The commission has not as yet considered, let alone entered, an order on the issue of "removal, discharge, suspension or demotion."

We are directed to no provision of ORS ch 241 which gives the circuit court authority to review any action by a county civil service commission except final orders of removal, discharge, suspension or demotion. A similar limitation is found in ORS 241.-460(3).

Accordingly, we conclude on both grounds that the circuit court lacked jurisdiction to entertain the appeal. It follows that the order of the circuit court must be vacated and the appeal to that court dismissed.

Judgment vacated; appeal dismissed.

SCHWAB, C. J., specially concurring.

I concur in the result. I do not concur in some of

the language in the majority opinion, nor the reasoning by which the result is reached.

I think the first issue should be whether the specific provisions of ORS ch 241 governing judicial review of civil service commission decisions were intended to displace more general statutes, for example, those in ORS ch 34 creating writ of review jurisdiction. Under the rule that specific statutes prevail over general ones, ORS 174.020, it would appear that this question should be answered in the affirmative.

The next issue is the proper interpretation to be given the judicial review rules stated in ORS ch 241. Reading ORS 241.455 and 241.460 together with the balance of ORS ch 241, I believe the only reasonable interpretation is:

(1) A unanimous order of a county civil service commission is not subject to judicial review; this applies to orders of reinstatement just as much as it applies to orders of removal; this is a prohibition against appeals by any party to the commission proceedings; and

(2) A nonunanimous order is subject to judicial review; this applies to orders of reinstatement just as much as it applies to orders of removal; this is an authorization for appeals by any party to the commission proceedings. Any other interpretation, such as that orders of removal are appealable but orders of reinstatement are not, or that the employe can appeal but the employer cannot, ascribes an irrational intent to the legislature.

But the judicial review statutes have to also be interpreted to apply only to orders made in situations over which the local civil service commission had jurisdiction. There is no possibility of finality if there was no jurisdiction. *District Court v. Multnomah County,* 21 Or App 161, 534 P2d 207 (1975).

In this case, the employer's claim that the civil service commission lacked jurisdiction to investigate the validity of a resignation has to be considered. I would reject that claim for two reasons. First, labels should not be controlling; a coerced resignation is in fact, if not in form, a dismissal, *Voss v. City of Roseburg*, 22 Or App 445, 539 P2d 1105 (1975); and the commission has clear jurisdiction to investigate dismissals. Second, the Marion County Civil Service Commission's rules, adopted pursuant to a grant of authority in the Marion County ordinances, authorizes investigation of resignations.

Given that the commission had jurisdiction, whether the courts have jurisdiction to review the commission depends, under my interpretation of the statutes, upon the factual question of whether the commission's order was unanimous or not. I do not agree with the majority's statement that we must accept any statement of fact contained in an appellant's brief that is not contradicted in the respondent's brief. Instead, I would hold only that it was the employer's burden to show the commission's order was not unanimous, this being necessary to invoke circuit court jurisdiction, and the employer did not do so.

Finally, I read the majority opinion as implying that a county may, by ordinance, provide for judicial review in state courts contrary to that provided by state statute. This is incorrect. *Boyle v. City of Bend*, 234 Or 91, 380 P2d 625 (1963); *Lines v. City of Milwaukie*, 15 Or App 280, 515 P2d 938 (1973), Sup Ct *review denied* (1974).