Argued November 20, reversed December 29, 1975, reconsideration
denied January 28, petition for review allowed
February 24, 1976

HENDRICKSON, *Appellant, v.* CIVIL SERVICE
COMMISSION OF WASHINGTON COUNTY
FIRE DISTRICT NO. 1 (No. 34-947, CA 4689),
*Respondent.*

544 P2d 186

*Charles Robinowitz,* Portland, argued the cause and filed the brief for appellant.

*Jon B. Lund,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

SCHWAB, C. J.

Plaintiff is a fireman employed by Washington County Fire District No. 1. On July 19, 1973, the Fire Chief suspended the plaintiff for ten days without pay. This disciplinary action was based on a charge that the plaintiff had made remarks which discredited the fire service. Defendant Civil Service Commission, after a hearing which plaintiff requested,

issued a decision modifying the disciplinary action as follows:

"1. The district shall restore retroactively all pay foregone as a result of the suspension.

"2. The district shall cause a written reprimand to be issued to you expressing their position on remarks they deem prejudicial to the good of the service."

As we interpret it, the defendant's decision effectively reversed plaintiff's suspension. Defendant agrees. Plaintiff appealed to the circuit court to have the written reprimand removed from his file. The circuit court allowed defendant's motion to quash for lack of jurisdiction and dismissed plaintiff's appeal. The basis of the motion was that ORS 242.804(3) limits appeal from civil service commission decisions "to matters of removal, discharge, demotion or suspension." Plaintiff appeals from the order of dismissal.

ORS 242.804 provides in pertinent part:

"(1) Any decision of the commission affecting any permanent employe or employes subject to ORS 242.702 to 242.824 may be appealed to the circuit court of the county in which the office of the appointing power or the commission is located, and the court shall hear the appeal.

"* * * * *

"(3) The circuit court shall hear and determine such appeal in a summary manner. The hearing shall be confined to the determination of whether the order of removal, discharge, demotion or suspension made by the commission was made in good faith for cause. No appeal to such court shall be heard except upon such grounds.

"* * * * *."

Plaintiff contends that there is nothing in the

statute which limits the term "decision," in subsection (1), to orders of removal, discharge, demotion and suspension.

The question of the reviewability of administrative actions is a question of legislative intent. Since legislative history, which generally is a weak reed at best, offers no clues, we must ascertain that intent from the statute itself. ORS 242.804 is internally consistent if subsection (3) is interpreted as a reference to the scope of review. In other words, the degree of judicial inquiry is limited to a determination of whether the reviewable action was made in good faith for cause. Subsection (1) controls what actions may be reviewed.

This case should not be confused with *Wied v. Marion County*, 23 Or App 288, 542 P2d 149 (1975). There, the commission had not entered an order on the issue of removal, discharge, suspension or demotion. As one ground for holding that the circuit court lacked jurisdiction to hear an appeal from a civil service commission order, the court stated:

> "We are directed to no provision of ORS ch 241 which gives the circuit court authority to review any action by a county civil service commission except final orders of removal, discharge, suspension or demotion. A similar limitation is found in ORS 241.460(3)."[①] *Wied v. Marion County,* supra, 23 Or App at 292.

---

① "The circuit court shall thereupon proceed to hear and determine such appeal in a summary manner, and its decision shall be final. The hearing shall be confined to the determination of whether the judgment or order of removal, discharge, demotion or suspension, made by the commission, was or was not made for political or religious reasons, or because of an unlawful employment practice as described in subsection (1) of ORS 659.026, and was or was not made in good faith for cause. No appeal to such court shall be taken except upon such grounds." ORS 241.460(3).

Here we must interpret ORS 242.804(3). Except for minor variations, that statute is identical to ORS 241.460(3). The context of the two statutes is different, though. ORS 241.450 specifically directs the action which the commission may take after investigating an employe dismissal. It may (1) affirm the dismissal, (2) reinstate the employe, or (3) modify the order of dismissal "* * * *by directing a suspension without pay for a given period, and a subsequent restoration to duty, or a demotion in classification, grade or pay * * *." ORS 241.450. (Emphasis supplied.) Consequently, there are no orders which the commissions, created under ORS ch 241, can issue except ones of removal, discharge, demotion or suspension, and logically no others which the circuit court has authority to review.

The structure of ORS ch 242 is not the same. A fireman who has been disciplined may demand an investigation. ORS 242.800. After an investigation, the commission may affirm *or modify* the action taken by the appointing authority, or order reinstatement. ORS 242.802.[2] The commission is not restricted in the actions it may take by way of modification as it is under ORS 241.450.[3]

■■ This additional latitude in modifying disciplinary actions creates the fundamental difference between this case and *Wied*. ORS 242.804(1) makes it manda-

---

[2]
"After an investigation and public hearing, the commission may affirm or modify the action taken by the appointing power, or if it finds that the dismissal was not made in good faith for cause, the commission shall order the immediate reinstatement of the employe in the position from which he was dismissed * * *." ORS 242.802.

[3] Issuing a letter of reprimand may not be the type of modification contemplated by the statute as within the authority of the commission to make. However, since neither party contends that it is not, we do not consider that question.

tory for the circuit court to hear an appeal from *"any decision"* of the commission. A commission decision, as was the case here, can be one other than an order of removal, discharge, demotion or suspension.

▮▮ As further support for our interpretation of ORS 242.804, we note an illogical statutory progression in ORS ch 242. A permanent fireman may be "dismissed, demoted, suspended without pay *or deprived of special privileges*" only for cause. ORS 242.798. (Emphasis supplied.) An employe "who has been dismissed, demoted, suspended without pay *or deprived of special privileges*" may demand an investigation. ORS 242.800. (Emphasis supplied.) That section continues:

"* * * The investigation shall be confined to the determination of the question of whether *the dismissal* was made in good faith for cause." ORS 242.800. (Emphasis supplied.)

Certainly the legislature did not intend to give firemen the privilege of demanding an investigation in four discrete instances of discipline and then restrict that same investigation only to dismissals. Likewise, it is unreasonable to assume that the legislature intended the circuit court to have jurisdiction over appeals from commission orders of removal, discharge, demotion or suspension, but not from commission orders depriving a fireman of special privileges. ORS 242.804(3) is not meant to be an exhaustive list of commission orders which a circuit court can hear on appeal any more than ORS 242.800 is meant to restrict the commission's investigation only to dismissals. ORS 242.804(1) provides that a circuit court shall hear the appeal from any statutorily authorized decision of the commission affecting a permanent fireman.

■ We hold, therefore, that the circuit court had jurisdiction to hear plaintiff's appeal in this case.

Reversed.

THORNTON, J., dissenting.

My study of the statutes in issue (firemen's civil service law) and our recent decision in *Wied v. Marion County,* 23 Or App 288, 542 P2d 149 (1975), involving the county employes' civil service law, leads me to the opposite conclusion from the majority opinion. I believe that the trial judge correctly interpreted and applied these statutes, and that his decision should be affirmed. *See also, Helberg v. Civil Service Com.,* 10 Or App 62, 498 P2d 789 (1972).

The issue on appeal here is substantially similar to the issue we decided in *Wied v. Marion County,* supra, although *Wied* involved the next preceding chapter of Oregon Revised Statutes, namely, ORS ch 241 (civil service for county employes).

In *Wied* we decided that ORS ch 241 did not authorize the circuit court to entertain an appeal from an order of the Marion County Civil Service Commission holding that Wied's written resignation as a deputy sheriff was not a voluntary resignation. It is my view that the conclusion reached in the majority opinion is in conflict with our previous holding in *Wied*.

The crux of my disagreement with the majority opinion is with the construction it places on ORS 242.804.

Here, subsection (3) of ORS 242.804 expressly provides that no appeal to the circuit court lies except from an order of "removal, discharge, demotion or suspension." In *Wied,* subsection (3) of ORS 241.460 also expressly provided that no appeal to the circuit court would lie except from an order of "removal, discharge, demotion or suspension." Here, subsection (3) of ORS 242.804 provides further that such review "shall be confined to the determination of whether

the order of removal, discharge, demotion or suspension made by the commission was made in good faith for cause." It also provides: "No appeal to such court shall be heard except upon such grounds."

Similarly in *Wied,* subsection (3) of ORS 241.460 provided further that such review

"* * * shall be confined to the determination of whether the judgment or order of removal, discharge, demotion or suspension * * * was or was not made for political or religious reasons, or because of an unlawful employment practice as described in subsection (1) of ORS 659.026, and was or was not made in good faith for cause. No appeal to such court shall be taken except upon such grounds."

Quite obviously a letter of reprimand, which is in issue here, is not an order of "removal, discharge, demotion or suspension." Therefore no appeal to the circuit court lies.

As in the case of ORS ch 241, with which we were dealing in *Wied v. Marion County,* supra, the same words, "removal, discharge," etc., are also found in other parts of the same Act. *See,* for example, ORS 242.796, 242.798, 242.800.

I would agree that ORS 242.804(1), standing alone, authorizes circuit court review of "[a]ny decision of the commission affecting any permanent employe * * *." However, under established rules of construction ORS 242.804(1) must be read in pari materia with the remainder of the Act, particularly ORS 242.804(3). *Curly's Dairy v. Dept. of Agriculture,* 244 Or 15, 21, 415 P2d 740 (1966); *Haas v. Myers,* 10 Or App 495, 500 P2d 1068 (1972).

The ancestor statute of ORS ch 241 was enacted in 1929. However, ORS 242.702 et seq, the firemen's

civil service law, was not enacted until 1959. From the foregoing it seems logical to infer that the draftsman of that law, ORS 242.702 et seq, borrowed the language of ORS 242.804(3) from ORS 241.460(3). In fact the provisions of ORS 242.804(3) are almost identical with ORS 241.460(3).

I can reach no other conclusion from the above analysis than that the trial judge, even without benefit of our subsequent decision in *Wied,* correctly interpreted and applied ORS 242.804 in the case at bar. I would affirm.