HENDRICKSON, *Respondent,*

*v.*

CIVIL SERVICE COMMISSION OF
WASHINGTON COUNTY FIRE DISTRICT NO. 1,
*Petitioner.*

550 P2d 432

*Jon B. Lund,* of Thompson, Adams & Lund, Beaverton, argued the cause and filed briefs for petitioner.

*Charles Robinowitz,* Portland, argued the cause and filed a brief for respondent.

See 23 Or App 721 for Court of Appeals opinion.

DENECKE, J.

## DENECKE, J.

The issue is the judicial reviewability of an order of the defendant Civil Service Commission of a County Fire District. The trial court held the order was not reviewable. A majority of the Court of Appeals held it was reviewable. 23 Or App 721, 544 P2d 186 (1975). We granted review.

An officer of the Fire District reported that the plaintiff fire fighter made derogatory statements about certain volunteer ambulance attendants. The Chief of the District suspended plaintiff without pay for 10 days. The plaintiff appealed to the defendant Commission. The Commission held a hearing, restored the lost pay, but authorized the District to issue a written reprimand to plaintiff. The District issued the reprimand and plaintiff appealed from the Commission decision.

For reasons which are unknown to us, Oregon has a "hodgepodge" of statutes concerning civil service for local government employees. ORS chs 241 and 242. We granted review and presently have under advisement *Wied v. Marion County,* 23 Or App 288, 542 P2d 149 (1975), involving these same statutes.

ORS 242.702-242.990 relate to firemen. They provide for the creation of a Civil Service Commission and for appeals from the Commission to the circuit court. ORS 242.804(1) provides: "Any decision of the commission * * * may be appealed * * *." Subsection (3) provides: "* * * The hearing shall be confined to the determination of whether the order of removal, discharge, demotion or suspension made by the commission is made in good faith for cause. * * *."[1] The ques-

---

[1] ORS 242.804(1)(3):

"(1) Any decision of the commission affecting any permanent employe or employes subject to ORS 242.702 to 242.824 may be appealed to the circuit court of the county in which the office of the appointing power or the commission is located, and the court shall hear the appeal.

"* * * * *.

tion raised by this phraseology is, can "Any decision" of the Commission be appealed or only an "order of removal, discharge, demotion or suspension"?

The majority of the Court of Appeals reasoned that ORS 242.804 could be made internally consistent by construing subsection (1) to state what orders are appealable and subsection (3) to state the scope of review; that is, whether made "in good faith for cause." That interpretation provides an answer but in so doing ignores that subsection (3) does not refer to "Any decision," but specifies "order of removal, discharge, demotion or suspension."

■ The majority partially relies upon some poor draftsmanship in ORS 242.798 and 242.800 to support its decision. In some places in these two statutes the phrase, "dismissed, demoted, suspended without pay or deprived of special privileges" is used, while in another only "dismissal" is used. We agree with the Court of Appeals that the legislature must have intended "dismissal" to encompass "dismissed, demoted, suspended."

In our opinion, however, that poor draftsmanship indicates that ORS 242.804 also was poorly drafted and its words and context are not accurate for determining the intention of the legislature.

The dissent in the Court of Appeals is of the opinion that the application of the rule of statutory construction that statutes must be read in pari materia, leads to the logical conclusion that the order of reprimand was not appealable and only orders of removal, discharge, demotion or suspension are appealable. However, we believe it equally plausible to give the emphasis to that part of the statute providing "Any decision" may be appealed.

"(3) The circuit court shall hear and determine such appeal in a summary manner. The hearing shall be confined to the determination of whether the order of removal, discharge, demotion or suspension made by the commission was made in good faith for cause. No appeal to such court shall be heard except upon such grounds."

[ 130 ]

Likewise, the defendants contend that we must follow another rule of construction codified in ORS 174.020 and reach the conclusion that no appeal is allowable. ORS 174.020 provides, in part: "* * * [W]hen a general and particular provision are inconsistent, the latter is paramount to the former. * * *." The application of that rule, however, would require us to assume the answer to the problem; that is, assume that the phrase "Any decision" in subsection (1) and the phrase "order of removal, discharge, demotion or suspension" both concern what decisions of the Commission are appealable. If they do not concern the same subject the statutory rule is not applicable.[2]

We do not find that the language or context of the statutory scheme furnishes any reliable guide to interpretation. We also find, as did the Court of Appeals, that legislative history offers no clues. We must, therefore, determine what policy or purpose the legislature was attempting to attain in enacting these statutes.

The overall purpose of the legislation was to make employment and retention in employment dependent solely upon merit. In order to insure that this objective was being carried out the legislature created an impartial body to adjudicate charges that the fire district governing bodies and supervisors were violating the act. This body was the Civil Service Commission. Impartiality was sought by providing that no commissioner could be a member of the governing body or an employee of the district. ORS 242.708.

The legislature was not satisfied to merely provide that charges of violating the Act would be heard by an impartial Civil Service Commission. It clearly provided, at least in certain instances, that an appeal could be taken to the circuit court from orders of the

---

[2]We agree with the majority in the Court of Appeals that this case is not governed by and should be distinguished from *Wied v. Marion County,* 22 Or App 288, 542 P2d 149 (1975). The Court of Appeals was of the opinion in *Wied* that ch 241 was involved. The provisions of ch 241 are significantly different than those in ch 242.

Commission. We are of the opinion, however, that the policy of the legislature was to provide for an appeal to the circuit court only in cases in which the Commission ordered "removal, discharge, demotion or suspension."

A reprimand is not insignificant; however, it does not have the immediate economic impact that removal, discharge, demotion or suspension has. Also, in order to hold that an order of reprimand is appealable, we necessarily would have to hold that every decision of the Commission, however trivial, is appealable. We do not believe the legislature so intended. Not only would it add to the burden of the courts, but it would add to the burden of the employees and the districts.

■ We have recently recognized that it is proper to consider the burden placed upon the courts in determining the standard by which courts should review administrative action. *Western Amusement v. Springfield,* 274 Or 37, 43, 545 P2d 592 (1976).

■ In determining whether administrative action is reviewable by the judiciary we also consider it proper to examine the character and procedures of the administrative agency which renders the decision. Davis agrees this is a proper consideration. 4 Davis, Administrative Law Treatise, 238, § 30.08 (1958). As stated, the Commission was constituted so as to be impartial. It clearly was established to act in a judicial capacity. ORS 242.800 provides that the Commission shall hold its hearings in public and that the appellant to the Commission may be represented by counsel or another representative. ORS 242.802 provides that the Commission shall make findings.

■ We deem it reasonable to conclude that after the legislature took the pains to set up an impartial tribunal which is required to follow judicial procedures, the legislature did not believe it necessary to provide for a further review by the court system of all deci-

sions of the Commission regardless of how trivial the orders of the Commission might be.

Reversed with instructions to reinstate the judgment of dismissal of the trial court.

**HOLMAN, J.,** specially concurring.

I concur in the holding of the majority that no appeal is allowable from the order of the Commission, but place my concurrence upon the provisions of ORS 174.020, which says that "* * * when a general and particular provision are inconsistent, the latter is paramount to the former." The majority refuses to place its holding upon this basis because "[t]he application of that rule, * * * would require us to assume the answer to the problem; that is, assume that the phrase * * * 'order of removal, discharge, demotion or suspension' * * * concern[s] what decisions of the Commission are appealable."

The majority suggests no other reasons for the use of the quoted words from ORS 242.804(3) than that of defining what decisions are appealable and that which was given by the majority of the Court of Appeals, which latter reason it rejects. It appears to me, in the absence of any other acceptable reason for their inclusion, that the quoted words from subsection (3) necessarily refer to what orders are appealable. If so, the particular provision of subsection (3) controls over the general provision of subsection (1).