# WIED, *Respondent,*
## *v.*
# MARION COUNTY et al, *Petitioners.*

552 P2d 1294

*Richard C. Morley,* Marion County Courthouse, argued the cause for petitioner James F. Heenan. On

the briefs was Gary D. Gortmaker, District Attorney, Salem.

No appearance for petitioner Marion County.

*A. B. Cummins, Jr.,* Salem, argued the cause for respondent. With him on the brief were Rhoten, Rhoten & Speerstra and George A. Rhoten, Salem, and David J. Wied, in propria persona, Jefferson.

Before McAllister, Presiding Justice, and Denecke,* Holman, Tongue, Howell, and Bryson,** Justices.

(For Court of Appeals opinion, see 23 Or App 288)

HOLMAN, J.

---

*Chief Justice when the case was handed down.

**Bryson, J., did not participate in the decision of this case.

**HOLMAN J.**

This case presents the question of the authority of the Marion County Civil Service Commission to set aside the resignation of an employee of the Sheriff, on the ground that the resignation was involuntary and coerced, as well as the question of judicial review of such action when taken by the Commission.

On August 15, 1973, Wied, an employee of the Sheriff, was requested to submit his resignation. He did so by letter dated August 17, 1973, effective that date. Thereafter, on August 27, 1973, Wied appealed to the Marion County Civil Service Commission, claiming his resignation was involuntary. The Commission held a hearing which was limited to the voluntariness of the resignation. The Sheriff presented no evidence, maintaining that the Commission had no jurisdiction to hear an appeal from a dated resignation. The Commission held the resignation to be involuntary and the equivalent of a dismissal, and set it aside because the Sheriff failed to follow the procedure applicable to dismissals. It expressed no opinion concerning whether there was cause to dismiss Wied.

The Sheriff appealed the Commission's decision to the Marion County Circuit Court. That court reversed the Commission, holding that (1) the *Commission* had no jurisdiction to hear an appeal from a resignation; (2) the resignation was dated and therefore not subject to being deemed a dismissal; and (3) even if the Commission had jurisdiction to consider the resignation involuntary and subject to the rules relating to dismissals, the record does not contain substantial evidence supporting a finding of involuntariness. The Court of Appeals vacated the judgment of the circuit court, concluding that under the provisions of ORS ch 241 the *circuit court* lacked jurisdiction to entertain the Sheriff's appeal from the Commission's order.

The Sheriff contends on this appeal, first, that the Commission did not have authority to find that Wied's resignation was involuntary and in substance a dis-

missal; and second, that even if the Commission did have such authority, the finding of involuntariness is not supported by the evidence. Before we can reach these questions, however, we must first determine whether the Commission's finding and order are subject to judicial review *at all* on the basis of the reasons asserted by the Sheriff. We granted review primarily to address the issue of judicial review of Commission orders.

ORS ch 241 sets forth provisions governing the establishment of a county civil service commission. It also contains provisions governing the operation and rights of employees under a civil service system. ORS 241.020 - 241.990. These latter provisions are obligatory only for counties with a population of 300,000 or more. ORS 241.020. Other counties may adopt, if the voters so choose, one of the several options provided by the legislature as a system of civil service applicable to the county. ORS 241.006 authorizes a county to submit to the voters a proposal

"(1) [t]o make ORS 241.020 to 241.990 and any subsequent amendments thereto, providing a system of civil service under which county employes shall be employed, applicable to such county;

"(2) [t]o make ORS 242.702 to 242.824 and any subsequent amendments thereto, providing a system of civil service under which certain political subdivisions shall employ firemen, applicable to such county for all county employes;

"(3) [t]hat provides a system of civil service which substantially accomplishes the general purposes of ORS 241.020 to 241.990 or ORS 242.702 to 242.824, including methods of recruitment and promotion of county employes by competitive examinations and provisions for job tenure for county employes * * *.

"* * * * *."

Thus, other counties may, subject to approval of the voters, enact the plan of ORS ch 241 *or* the plan of ORS 242.702 to 242.824 (relating to firemen) *or* a plan which substantially accomplishes the purposes of

either of the foregoing, to govern all employees within the county.

■ The Marion County Civil Service Act in its present form was approved by the voters and became effective on January 1, 1965. It is apparent from an examination of the Act that the voters chose to adopt the arrangement of ORS 242.702 to 242.824 as their countywide civil service system. With minor wording changes, a reorganization of sections, and the addition of several sections to cover matters not provided for in the statute, the Marion County Civil Service Act is virtually identical to the provisions of ORS 242.702 to 242.824. We hold that the intent of the Marion County Civil Service Act was to provide a civil service system which "substantially accomplishes the general purposes" of ORS 242.702 to 242.824 and that the judicial review provisions of the Marion County Civil Service Act, insofar as they are consistent with the judicial review provisions of ORS ch 242, control the instant case.[1]

The applicable judicial review provision of ORS ch 242 is the following:

"242.804  Appeal from finding of commission; issue on appeal limited. (1) *Any decision of the commission affecting any permanent employe* or employes subject to ORS 242.702 to 242.824 *may be appealed to the circuit court* of the county in which the office of the appointing power or the commission is located, and the court shall hear the appeal.

"(2) *The appeal, if taken by either an employe or by the appointing power,* shall be taken by serving upon the commission, within 30 days after the date of the entry of such judgment or order, a written notice of appeal stating the grounds thereof and demanding that a certified

[1]The Court of Appeals held that the judicial review provisions of ORS ch 241 (ORS 241.455 - 241.460) controlled in this case. As demonstrated above, this was error. In assuming that the provisions of ORS ch 241 governed the Marion County system, everyone, including counsel for the parties, failed to notice the similarity of the Marion County Civil Service Act to the provisions of ORS 242.702 to 242.824 and did not recognize that Marion County was authorized to adopt such provisions under ORS 241.006 (2) or (3).

transcript of the record and of all papers on file in the office of the commission affecting or relating to such judgment or order be filed by the commission with the court. The commission shall, within 10 days after the filing of such notice, make, certify and file such transcript with the court.

"(3) The circuit court shall hear and determine such appeal in a summary manner. *The hearing shall be confined to the determination of whether the order of removal, discharge, demotion or suspension made by the commission was made in good faith for cause. No appeal to such court shall be heard except upon such grounds."* (Emphasis ours.)

This wording is substantially duplicated by section 24 of the Marion County Civil Service Act which is as follows:

"SECTION 24. APPEAL OF COMMISSION FINDINGS TO CIRCUIT COURT:

"(1) *Any decision of the commission affecting the removal, discharge, demotion or suspension of any permanent employe or employes subject to this Act may be appealed to the circuit court of the county.*

"(2) The appeal shall be taken by serving upon the commission, within 30 days after the date of the entry of such judgment or order, a written notice of appeal stating the grounds thereof and demanding that a certified transcript of the record and of all papers on file in the office of the commission affecting or relating to such judgment or order be filed by the commission with the court. The commission shall, within 10 days after the filing of such notice, make, certify and file such transcript with the court.

"(3) The circuit court shall hear and determine such appeal in a summary manner. *The hearing shall be confined to the determination of whether the order of removal, discharge, demotion or suspension made by the commission was made in good faith for cause. No appeal to such court shall be heard except upon such grounds.* (Emphasis ours.)

The only notable omission in the county provision is the absence of the following emphasized language of ORS 242.804(2): "The appeal, *if taken by either an*

*employe or by the appointing power,* shall be taken * * *." These words were added by amendment by the legislature in 1965, subsequent to the date that the Marion County Civil Service Act became effective. Or Laws 1965, ch 296, § 1. Since the entire scheme of the Act, and particularly its judicial review section, evidences the clear intent to adopt the provisions of ORS 242.702 to 242.824 as its own, we shall treat the omitted words as incorporated into the Act. This would be necessary in any event to find that the Marion County section "substantially accomplishes the general purposes" of ORS 242.804.

Having identified the applicable statutory provision governing judicial review in this case, we must next decide whether it authorizes judicial review in the instant case upon the appeal of the employer.

ORS 242.804 appears inconsistent on the issue of the employer's right of appeal. Subsection (1) states that "[a]ny decision of the commission affecting any permanent employe or employes * * * may be appealed to the circuit court * * *." This provision has the ring of a blanket authorization to appeal all Commission decisions. It is further stated in subsection (2) that "[t]he appeal, *if taken by either an employe or by the appointing power* * * * (emphasis added). This language clearly contemplates an appeal by the employer in certain circumstances. Subsection (3), however, states that "[t]he hearing shall be confined to the determination of whether the order of removal, discharge, demotion or suspension made by the commission was made in good faith for cause." This subsection would seem to limit the right of appeal to the employee, for only an aggrieved employee would be in a position to complain that an order of the kind "made by the commission" was *not* made "in good faith for cause."

We have concluded that the only rational construction to be given these seemingly conflicting provisions is that subsection (3), which limits appeals to orders of "removal, discharge, demotion or suspension," is

intended only as a limitation on the *employee's* right to appeal.[2] It does not purport to define the orders appealable by the *employer.* This construction resolves the apparent inconsistencies of the statutory scheme and gives reasonable effect to the language of all provisions. We would not lightly conclude that the legislature intended to permit the employee to appeal while foreclosing that avenue to the employer. This is especially true where the language recognizing the employer's right to appeal, which was added by amendment, constitutes the latest expression of the legislature on the subject.

Having decided that the applicable statutes contemplate that employers have a right of appeal from a determination of the Commission, we must next decide the situations in which employers may appeal. In making this determination we must be guided by the legislative policy. We have previously concluded that the legislature did not intend that "every decision of the Commission, however trivial, is appealable." *Hendrickson v. Civil Serv. Comm.,* 275 Or 127, 132, 550 P2d 432 (1976). It is our opinion, based upon this premise, that the legislature intended to allow the employer to appeal only in situations analogous to those in which the employee is entitled to appeal. If the employer's right of appeal is to be analogous to that of the employee's, the statute must be construed as authorizing the appointing power to appeal from any Commission order which is sufficiently final and relates to action of "removal, discharge, demotion or suspension" taken by the employer, and which order

[2]The same statute was before us in *Hendrickson v. Civil Serv. Comm.,* 275 Or 127, 550 P2d 432 (1976). In *Hendrickson* we held that an *employee* could not appeal an order of the Commission authorizing a Fire District to issue a written reprimand to the employee, because the policy of the statute was to authorize appeals only from orders of "removal, discharge, demotion or suspension," and a written reprimand did not fall within this category. We concluded that "after the legislature took the pains to set up an impartial tribunal which is required to follow judicial procedures, the legislature did not believe it necessary to provide for a further review by the court system of all decisions of the Commission regardless of how trivial the orders of the Commission might be." 275 Or at 132-33.

either (1) modifies that action or (2) reinstates the employee because the employer's action was not found to be taken in good faith for cause. Stated differently, whenever the Commission passes upon the merits of a "removal, discharge, demotion or suspension" and concludes that the action taken by the employer was not justified, and the decision is of the requisite degree of finality, the employer may appeal. We so construe the statute.

Therefore, under our construction of the statute, judicial review *on the merits* is limited to those situations which we have enumerated above. The Sheriff in the instant case seeks to have the Commission's determination reviewed on the merits, for he contends the evidence was insufficient to support a finding of involuntariness. It must also be remembered, however, that the Sheriff contends that the Commission had no jurisdiction to issue the order in the first instance. This is not a question of the merits of the order's evidentiary support, but simply a challenge to the Commission's statutory authority. We must therefore next decide whether the statute authorizes judicial review for the purpose of contesting the Commission's authority to act in the matter.

The statutes say nothing about the parties' rights to challenge the jurisdiction of the Commission by appeal. However, there is no indication that the legislature intended to permit the Commission to act in matters clearly outside its authority free from the check of the judicial system.[3] We do not attribute to the legislature any purpose to make the Commission the sole arbiter of its statutory authority. Although the Commission may be well qualified to pass upon matters entrusted to its authority, the courts are sing-

---

[3]It is pointed out in Davis' Treatise that statutes excluding or restricting judicial review are commonly held not to preclude inquiry into whether the agency is acting outside its jurisdiction or statutory authority. IV Davis, Administrative Law Treatise § 28.14 (1958). We simply state that there is nothing in the Act, the purpose or the function of the civil service system, to justify a conclusion that the legislature intended to foreclose review on the question of statutory authority.

[ 719 ]

ularly equipped to interpret the law to determine what that authority is. The statute does not give the Commission a license to do what it pleases. Insofar as the statute restricts review, the restriction must be reasonably read as applicable only to orders issued in matters within the Commission's authority. We therefore hold that ORS 242.804(1) permits an appeal from *any* order by either party for the purpose of deciding whether the Commission has authority to act in a matter, at least where the issue of statutory authority turns on a question of law.

Since the Sheriff may challenge the Commission's authority on this appeal, we must next consider the Sheriff's contention, that the Commission had no jurisdiction to hear Wied's complaint that his resignation was coerced, because if the Commission had no jurisdiction, its action in setting aside the resignation will not stand. Section 8 of the Marion County Civil Service Act provides that the Commission may investigate alleged violations of the Act and rules promulgated thereunder, as follows:

"When any resident of the county or any person subject to civil service alleges that an abuse or abuses of the provisions of this Act or rules of the commission exist, the commission shall:

"(1) Investigate the enforcement and effect of the provisions of this Act and the regulations prescribed under this Act.

"(2) Ascertain whether this Act and the regulations are being violated.

"(3) Where violations are found to exist, the commission shall take such action as necessary to enforce compliance."[4]

We hold that the Commission, under its present power to investigate the "enforcement and effect" of the Act, possesses the authority to investigate resignations. Also, the Commission has been entrusted with the function of passing upon alleged wrongful separa-

[4]These provisions are substantially the same as those found in ORS 242.726.

tions from the civil service. There is no practical distinction between a coerced resignation and a dismissal, for, as stated by one court, "a separation by reason of a *coerced* resignation is, in substance, a discharge effected by adverse action of the employing agency." *Dabney v. Freeman,* 123 US App DC 166, 358 F2d 533, 535 (1965). The procedural safeguards established by the Act, which include review by the Commission, were designed to insure that severance of a civil servant be supported by valid reasons. The employer should not be allowed to insulate its reasons from scrutiny by forcing the employee to resign in lieu of dismissing him outright.

██ ■ The Marion County Commission has promulgated rules under authority of the Act which are consistent with this analysis. They provide that the Commission may make investigations "for the purpose of verifying reasons for resignation,"[5] and that "[r]esignations are subject to final approval by the commission."[6] Under these rules the Commission clearly had authority to investigate and treat plaintiff's resignation as a dismissal. The Sheriff contends, however, that the Commission's authority is further restricted by the following provision in the rules:

> "* * * If they have been filed without date or with a future date, and it is established that they are not bona fide and voluntary resignations, they shall be deemed to be dismissals and subject to provisions of the law and rules relating to dismissals."[7]

It is argued that, under this rule, the Commission may treat as a dismissal *only* those involuntary resignations which have been filed without date or with a future date, and that plaintiff's resignation in this case carried a present date. This position, if sustained, would be highly illogical. A sensible interpretation

---

[5] Rules of the Marion County Civil Service Commission, Rule XIII, § 3A.

[6] *Id.* § 3B.

[7] *Ibid.*

would be that resignations filed without date or with a future date are presumptively involuntary.

■ Since the Commission had the authority to issue the order relating to plaintiff's resignation, the next question is whether the order in this case is among those orders appealable by the employer under our construction of the statute. The policy of the statutory scheme dictates that only orders concerning "removal, discharge, demotion or suspension" of *sufficient finality and immediacy* are properly appealable. *Hendrickson, supra.* The instant order does not fall within this classification because the order of the Commission is not of sufficient finality. The Commission's hearing was limited to the question of whether plaintiff's resignation was "voluntary." It concluded that the resignation was involuntary and the equivalent of a "dismissal," and it directed the Sheriff to pursue the procedure applicable to dismissals if he desired to terminate Wied's employment. The ruling, had it gone against Wied, would have been final as to him; as it is, it is not final of the Sheriff's ability to terminate Wied's employment. He may discharge Wied if he has cause. The Commission has not yet considered the merits of whether the "dismissal" was made "in good faith for cause," and the order is not one of finality or immediacy. Judicial review can be effected *after* the Sheriff has taken action in conformance with proper procedures and the Commission has reviewed the action on the merits.

It can be argued that because the Commission's determination was final as to the voluntary nature of the resignation, there should be an appeal available therefrom. However, the statutory purpose imposes some limit on the matters which are appealable. *Hendrickson, supra.* Where, as here, the employer has the alternative of discharging Wied if he is incompetent, judicial review of the Commission's finding of the involuntariness of the resignation is not warranted.

Because we have held the finding of the Commis-

sion that the resignation was coerced is not subject to judicial review, we cannot and do not decide whether the evidence justifies the finding.

The holdings of the circuit court are reversed in their entirety. The holding of the Court of Appeals that the circuit court lacked jurisdiction to hear the appeal is reversed. The holding of the Court of Appeals that the appeal from the order of the Commission be dismissed is affirmed.