Submitted September 20, affirmed November 14, 1978

DAVIS, *Petitioner,*
*v.*
THE DALLES SCHOOL DISTRICT et al,
*Respondents.*
(CA 10557)
586 P2d 397

Robert D. Durham, and Kulongoski, Heid, Durham & Drummonds, Eugene, filed the brief for petitioner.

Charles A. Phipps, and Phipps, Dunn & Mobley, The Dalles, filed the brief for respondent School District No. 12.

James A. Redden, Attorney General, and Al J. Laue, Solicitor General, waived appearance for respondent Fair Dismissal Appeals Board.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Petitioner seeks review of an order of the Fair Dismissal Appeals Board (FDAB), dismissing her appeal from her termination as a permanent teacher by the respondent School District (District). We affirm because there is currently no justiciable controversy between the parties.

In 1975, petitioner was a permanent (*i.e.,* tenured) teacher employed by the District, teaching "special education" classes for mentally handicapped children. At the end of the 1974-75 school year, the District's special education program was transferred to the Wasco Intermediate Education District (IED). Petitioner continued as a teacher in the IED's program for the next two school years and, at the end of that period, the IED declined to renew her contract for the following school year. Petitioner appealed the IED's action to FDAB, which dismissed her appeal on the grounds that her tenured status with the District did not survive her transfer to the IED and that the FDAB therefore had no jurisdiction over her appeal from the IED's action. Petitioner petitioned this court for judicial review of the FDAB's dismissal of that appeal. We reversed and remanded, concluding that the protections of ORS 236.610 *et seq.* for public employes whose duties are transferred from one public employer to another are applicable to teachers, that petitioner's tenured status with the District therefore remained part of her job status after her transfer to the IED, and that FDAB therefore had jurisdiction over petitioner's appeal from the nonrenewal of her contract by the IED. *Davis v. Wasco IED,* 36 Or App 3, 583 P2d 1151 (1978). The record before us does not indicate whether there have been any proceedings on remand to the FDAB of petitioner's appeal from the IED action, or what her present status with the IED is.

Petitioner contends that ORS 236.640 assured her of reinstatement by the District at such time as her

employment with the IED ended, and that the District's termination of her employment occurred when it refused her demand for reinstatement in 1977 and not in 1975 when she was transferred from the District to the IED. ORS 236.640 provides:

> "At the end of a cooperation agreement the employe transferred shall be entitled to his position with the transferring employer prior to transfer, if he has remained an employe of the transferree employer in good standing to the termination of the agreement."

Petitioner neither could nor, apparently, does claim any more under ORS 236.640 than that she *would* be entitled to reinstatement by the District *if* her termination by the IED is affirmed by FDAB and in any subsequent judicial review of FDAB's decision. Because petitioner's appeal from the IED's termination of her employment by the IED has been remanded to FDAB, there is presently no ripe controversy between the petitioner and the District.

Affirmed.